# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONNIE WILLIAMS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TRENDWEST RESORTS, INC., <br><br> Defendant. | 2:05-cv-00605-RCJ-LRL <br><br> **MOTION FOR CIRCULATION OF NOTICE OF THE PENDENCY OF THIS ACTION PURSUANT TO 29 U.S.C. § 216(b) AND FOR OTHER RELIEF (# 10)** |

## REPORT & RECOMMENDATION

This is a putative collective action brought by Ronnie Williams and other employees similarly situated. The plaintiffs are suing for unpaid wages under § 216(b) of the Fair Labor Standards Act ("FLSA"). Plaintiffs also make certain related claims under Nevada and California law. They bring these claims as a potential class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs here, however, are asking for notice pertaining solely to their claim under the FLSA.

Plaintiffs seek permission to send notice of a 29 U.S.C. § 216(b) collective action to potential plaintiffs, and have filed a Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (# 24). Defendant opposes the motion (# 47). Also filed on this matter are plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion for Circulation of Notice (# 51)[1], plaintiffs' Motion to File a Supplement in Further Support of Plaintiffs' Motion for Circulation of Notice (# 56), defendant's Opposition to Plaintiffs' Motion to File a Supplement in Further Support of Plaintiffs' Motion for Circulation of Notice(# 60), plaintiffs' Reply to Defendant's

---

[1] Plaintiffs moved the court to allow an untimely filing of this Reply (# 69). Plaintiffs believed the Reply had not been filed. It was filed under seal on February 13, 2006 and is Docket Number 51.

Opposition to Plaintiffs' Motion to File a Supplement in Support of their Motion for Circulation of Notice (# 62), and plaintiff's Motion for Acceptance by the Court of Delayed Filing of Plaintiffs' Reply to Defendant's Opposition to Plaintiffs' Motion to File a Supplement in Support of their Motion for Circulation of Notice (# 69).

**I. Factual Background**

Plaintiffs in this case are employees of defendant Trendwest Resorts, Inc. Plaintiffs claim that their employer failed to pay them the minimum wage and overtime wages (time and one-half) due under federal and state law. Defendant is an Oregon Corporation that develops and markets time-share condominiums and resorts.

The majority of plaintiff employees were members of defendant's sales staff and were compensated on a commission only basis. One plaintiff, Fuery, worked on a salary plus commission basis as a developer representative, a position that involved sales. Fuery did, at times, have one assistant whom she supervised. That assistant was paid on a salary plus commission basis.

Plaintiffs seek an order directing that nationwide notice of the pendency of this action be given to similarly situated employees of defendant, providing them with an opportunity to file written consents to join as party plaintiffs. Second, plaintiffs request the court to approve their form of the notice. Third, plaintiffs ask that sixty days be given for parties to join the action after notice is given. Finally, plaintiffs request that the court toll the statute of limitations for the time period during which this motion is under submission.

Defendant opposes the motion, asking the court to use a "more searching standard," rather than the lenient burden usually placed on plaintiffs to show that there exist employees who are similarly situated. Defendant argues that the plaintiffs have not shown that similarly situated class members exist, and have not adequately defined a class. If the court grants a conditional class certification the defendant asks that the court limit the class to those employees who worked in California and Nevada, and worked within the applicable statute of limitations. Defendant also objects to plaintiffs' proposed notice, requests that a neutral third party mail any notice, and that the court give putative plaintiffs forty-

five days to opt into the suit. Lastly, defendant opposes a tolling of the statute of limitations.

**II. PROCEDURAL BACKGROUND**

This is a consolidated action originally filed in the district court of Clark County. The Nevada state proceeding was removed to this court based on federal question and diversity jurisdiction (*see* Docket No. 1, 2:05-cv-00605-RCJ-LRL).

On August 25, 2004, plaintiffs filed a class-action complaint in the San Francisco County Superior Court on behalf of themselves and all other Trendwest sales personnel employed within the State of California. On October 13, 2004 Trendwest removed the case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441. Defendant premised the removal on the ground that two of plaintiffs' causes of action, which were brought under California Business and Professions Code § 17200 and California labor Code § 203, respectively, actually invoked a federal question under the FLSA. The Honorable Saundra Brown Armstrong, in an Order of May 3, 2005, agreed that the first and fifth causes of action invoked a federal question and that federal jurisdiction over those two claims was proper (*see* Docket No. 23, United States District Court for the Northern District of California No. 4:04-cv-04321-SBA). However, she found the second through fourth causes of action raised novel questions of California state law and asserted legal theories independent from the first and fifth causes of action. The court therefore declined to exercise supplemental jurisdiction over the second through fourth causes of action and remanded those claims to the Superior Court (*Id.*).

The California federal proceeding was then transferred to this court (*see* Docket No. 4, 2:05-cv-01009-RLH-GWF), and consolidated with the instant action (*see* Order (# 19)). This court subsequently agreed to exercise supplemental jurisdiction and allowed the plaintiffs to amend their complaint to add the California state law claims (*see* Order (# 68)).[2]

---

[2] At a hearing held on June 19, 2006 the court requested plaintiffs to explain their change in position regarding the California state law claims. Plaintiffs' counsel cited a recent California case that, to some degree, nullified their prior argument (Minutes of Proceeding (# 65)); *Harris v. Investor's Business Daily, Inc.*, 138 Cal.App. 4th 28 (Cal. Ct. App. 2 Dist. 2006).

3

## III. DISCUSSION

### A. Conditional Certification of a Putative Class

The FLSA allows for a collective action for employees who are "similarly situated" to the plaintiffs and who opt-in by filing a written consent. 29 U.S.C. § 216(b); *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). The definition of "similarly situated" is not found in the FLSA, nor has the Ninth Circuit formulated a test to determine how the term should be applied. This court, however, uses the two-tiered majority approach to determine whether there are potential plaintiffs who are similarly situated. *See, e.g., Morales v. Allied Building Crafts Inc*, 2:04-cv-01365 (Order (# 42) Granting Conditional Certification of Class Action and Order Requiring Circulation of Notice to Putative Class Members, June 1, 2005).

The first tier under this approach is called the "notice stage." During this stage the court determines whether the potential opt-in plaintiffs are similarly situated. *See Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). The plaintiffs bear the burden of showing they are similarly situated. The burden is light, and can be based on the pleadings and any affidavits which have been submitted. *See Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1139 n.6 (D. Nev. 1999) (citing *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 361 (M.D. Ala. 1999)). The evidence must show there is "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Id.*; *see also Realite v. Ark Rest. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (plaintiffs can show that potential class members are similarly situated "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law.")

At this notice stage a district court also determines whether notice of the action should be given to potential class members. If the court determines there are potential plaintiffs, the court will conditionally certify a class. Putative class members are then given notice and the opportunity to opt-in. After discovery is largely complete the court makes a second, factual determination on the "similarly situated" question; this is the second tier. If the court determines that the claimants are not similar

1   situated, the class is decertified and the opt-in plaintiffs are dismissed without prejudice. But if the
2   court finds that claimants are similarly situated, the representative action is allowed to proceed as a
3   collective action. *See Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995).

4         Defendant argues that under *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272,
5   1275 (M.D. Ala. 2004), and *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1313 n.2 (M.D. Ala. 2002),
6   that a "more searching standard" should be used by the court because discovery has already revealed
7   the defendant's policies and practices. The court in these cases pointed to the policy behind the lenient
8   standard; the standard is fairly lenient because the court has minimal evidence to make a determination.
9   However, where extensive discovery has taken place, the court felt that it should carefully consider the
10  submissions of the parties with respect to the class allegations, rather than merely rely on employee
11  affidavits. *See White*, 204 F. Supp. 2d at 1313 n.2; *see also Davis*, 303 F. Supp. 2d at 1276 (the burden
12  is light because plaintiffs have not had adequate time to conduct discovery and marshal their best
13  evidence).

14        Plaintiffs argue that the documents they have received from defendant during discovery include
15  employee handbooks, job descriptions, and employment agreements relating to the individual plaintiffs.
16  Plaintiffs claim their review of the documents shows, at least facially, that the defendant's policies of
17  its sales employees were uniform and companywide.

18        The court declines to take the approach used by the Alabama court. There is no Ninth Circuit
19  case law that indicates a deviation from the court's normal practice is warranted. Additionally, in the
20  instant case extensive discovery has not been completed. The court notes, however, that the discovery
21  attached to plaintiffs' Reply lends support to their claim that there are other employees similarly
22  situated.

23        Thus, this court must determine whether, based on the pleadings and affidavits, there could exist
24  similarly situated plaintiffs. Employees who work on a commission only basis are paid a "minimum
25  draw" during weeks which no commission was earned. The minimum draw is based on a forty-hour
26  work week. Consequently, employees claim that for the weeks they worked in excess of forty hours,

but earned no commission, they were compensated at less than minimum wage (*see* Pls.' Affs. Mot. (# 24) at 21, 27, 32).  Plaintiffs attest that they worked late to "close " sales, and came in early, or on their day off, for sales meetings.  As sales staff, when they put in over forty hours per week, they were not compensated at time and one-half pay based on their normal hourly earning rate (*see* Pls.' Affs. Mot. (# 24-1) at 21, 27, 32, 36, 40, Mot. (# 24-2) at 5).

The plaintiffs who swore out affidavits worked at Trendwest's California or Nevada offices. Some of the plaintiffs worked at multiple locations.  A plaintiff in a management position has personal knowledge that there are approximately 300 employees at any one time working in California (*see* Mot. (# 24-2) at 8).  These claims are sufficient for the court to find there exists putative class members who are similarly situated to the plaintiffs.

Defendant argues that the plaintiffs' affidavits cannot support an allegation of nationwide violations of the FLSA.  Therefore, plaintiffs cannot show that they are similarly situated to employees who worked in states other than Nevada and California.  Defendant fails to argue, however, how plaintiffs' affidavits are not sufficient to show they are similarly situated to putative class members at the locations at which they worked.  Defendant alternatively argues that the potential class should be restricted to the states in which the named plaintiffs operate.  The similarly situated determination certainly entails the location in which a policy or procedure is allegedly implemented to deprive workers of overtime wages.  *See Sheffield v. Orius Corp.*, 211 F.R.D. 411 (D. Or. 2002).

**1. Salary Plus Commission**

To satisfy the similarly situated requirement, plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F.3d at 1217. The claim under the FLSA is that defendant failed to pay minimum or overtime wages when plaintiffs worked in excess of forty hours a week.  Although a salaried employee cannot make a claim that defendant failed to pay minimum wage, the plaintiffs' claims arise from the same alleged conduct, *viz*., that defendant inadequately compensated its employees when they worked over forty hours per week. Thus a sufficient nexus exists to show that salary plus commission employees are similarly situated.

The court concludes that a showing has been made that there exist similarly situated putative class members. The court therefore recommends conditional certification of a class for the limited purpose of notice and discovery purposes pursuant to the FLSA, 29 U.S.C. § 216(b). The conditionally certified class consists of employees whose primary or exclusive duty is or was conducting sales at or reporting to premises maintained and operated by defendant; who were paid on a commission only or a salary plus commission basis; who worked at any California or Nevada location; and, who were employed anytime during the last three years.

### B. Notice

When a collective action is conditionally certified, it is appropriate for a district court to permit the discovery of the names and addresses of employees who fall into the class description. *See Hoffmann-LaRoche Inc. v. Sperling,* 493 U.S. 165, 170 (1989); *see also Vaszlavik v. Storage Technology Corp.*, 175 F.R.D. 672, 681–82 (stating that once a collective action is certified, plaintiffs are entitled to discover the names and addresses of putative class members). The court's recommendation, however, does not imply that all members of the proposed class who will be sent notices are, in fact, similarly situated. *See, e.g., Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 464 (N.D. Cal. 2004) (the court certified a FLSA class for the limited purpose of providing notice to prospective class members). This determination cannot be made until discovery has largely been completed. Should discovery reveal that plaintiffs are not similarly situated to some or all of the persons who may choose to opt-in, defendant may later file a motion for decertification. *See, e.g., Schwed v. Gen. Elec. Co.*, 159 F.R.D. 373, 375 (N.D.N.Y. 1995) ("[E]ven where later discovery proves the putative class members to be dissimilarly situated, notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA].").

### 1. Form of the Notice

The next issue is whether the court should direct a particular form of the Notice of Pendency of Fair Labor Standards Act Lawsuit and Consent to Joinder form ("Notice"). *Hoffman-LaRoche, Inc.* is controlling on this issue. The United States Supreme Court explained that

> [b]y monitoring preparation and distribution of the notice , a court can ensure that it is timely, accurate, and informative. Both the parties and the court benefit from settling disputes about the content of the notice before it is distributed. This procedure may avoid the need to cancel consents obtained in an improper manner.

493 U.S. at 172.

Plaintiffs and defendant have each offered a version of the Notice that they believe should be mailed to putative class members. The court considered both when drafting the form of Notice.

### 2. Time Limit for Potential Plaintiffs to Opt-in

Plaintiffs propose a sixty-day time limit for putative class members to opt-in. A district court has both the duty and broad authority to exercise control over a collective action. *See Hoffmann- La Roche Inc.*, 493 U.S. at 171. Thus, this court has a legitimate goal in setting cutoff dates to expedite disposition of the action. The court must weigh the expedition of the action against the fairness to the potential plaintiffs.

Defendant argues that a forty-five day opt-in period is sufficient. The court finds that a sixty-day limit is reasonable. The sixty-day period will begin to run when defendant provides the names and addresses of all of the putative class members to plaintiffs.

### 3. Neutral Third Party Mailing the Notice

Defendant requests that a neutral third party mail the notice because potential class members have a privacy interest in the nondisclosure of their names and home addresses. Defendant argues that under California law individuals have a substantial privacy interest in their home addresses. This is a federal case, in which discovery is governed by the federal rules, not by state confidentiality statutes. *See Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) (personal files discoverable in a Title VII action, despite claims of privilege under state law).

Defendant fails to explain how disclosing information to a third party protects the privacy rights of the putative class members. The parties have entered into a confidentiality agreement (*see* Order (# 57)). Following the constraints of that agreement and limiting the information provided to putative plaintiffs' names and last known addresses is the minimum intrusion necessary to effect the circulation

of the notice efficiently.

Plaintiffs have agreed to bear the costs of circulating the notice, so the court need not address the issue.

**IV. Tolling the Statute of Limitations**

The court must consider whether the statute of limitations for this FLSA claim should be tolled while this motion is pending. Under the provisions of the Portal-to-Portal Act of 1947, claims must be brought within two years of the alleged FLSA violation, and within three years if the violations were willful. *See* 29 U.S.C. § 255. An action is commenced for named plaintiffs on the date the complaint is filed. The action is commenced for subsequent individual claimants on the date on which their individual written consent is filed. *See* 29 U.S.C. § 256.

Plaintiffs argue that the court has the equitable power to toll statutes of limitations in particular circumstances. Plaintiffs rely, in part, on *Partlow v. Jewish Orphans' Home of Southern California, Inc.,* 645 F.2d 757, 760 (9th Cir. 1981) (abrogated by *Hoffmann-LaRoche Inc. v. Sperling,* 493 U.S. 165 (1989)). The *Partlow* court implied equitable tolling in FLSA collective actions. *Id.* at 760. The *Partlow* court also stated that "most courts recognize a limited class of exceptions arising from necessity, as in the case of inability to bring suit or to exercise one's remedy." *Id.* The court specifically tolled the statute in that case because plaintiffs' attorney had improperly solicited the employees' Consent to Joinder forms, and consequently the consents were invalid. The tolling was necessary because the practical effect of not tolling the statute would be to bar forever any claim the employees had against their employer. *Id.*

The bulk of plaintiffs' argument centers around "fairness." Plaintiffs argue that if the court does not toll the statute while the motion is pending then it encourages oppositions, even if they are frivolous. Plaintiffs also claim that tolling is necessary to further the broad remedial measures of the FLSA.

Defendant indicates the Ninth Circuit has specifically addressed the question of when it is appropriate to toll the state of limitation in an FLSA collective action. In *Bonilla,* Judge Pro noted that federal courts have applied the doctrine of equitable tolling in two circumstances. First, in cases where

the plaintiffs were prevented from asserting their claims by some sort of wrongful conduct on the part of the defendant; and secondly, where extraordinary circumstances beyond the plaintiffs' control make it impossible to file their claims on time. 61 F. Supp. 2d at 1140 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

The court finds that tolling of the statute of limitations is not warranted. There is no allegation that defendant has engaged in wrongful conduct that prevented plaintiffs from asserting their claims. Further, no extraordinary circumstances have been chronicled to show plaintiffs cannot file their claims on time. The court does not agree with plaintiffs' contention that the mere filing of an opposition to a motion for notice of pendency is *per se* wrongful conduct. Finally, for purposes of notice only, the court applies the three-year statute of limitations because plaintiffs assert the defendant's acts were willful.

**V. Motion to File a Supplement**

Plaintiffs seek leave to file a supplement to their motion to advise the court of the April 19, 2006 decision of Judge James C. Mahan in *Westerfield v. Fairfield Resorts, et al.*, No.2:05-cv- 01365 (D. Nev.filed Oct. 20, 2005) (Order Granting Conditional Certification of Class Action and Order Requiring Circulation of Notice to Putative Class Members (# 42)). Defendant objects because the order is under appeal. The court notes that Judge Mahan ruled from the bench and that the Order was drafted by plaintiffs' counsel. Consequently, it is not instructive.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiffs' Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (#24) be granted, to the following extent:

(1) The class should be conditionally certified with respect to all current and former employees of Trendwest whose primary or exclusive duty is or was conducting sales at or reporting to premises maintained and operated by defendant; who were paid on a commission only or a salary plus commission basis; who worked at any California or Nevada location; and, who were employed

anytime during the last three years;

    (2) Defendant should be required, not later than <u>October 10, 2006</u>, to provide to plaintiffs the names and last known addresses of all the individuals in the conditionally certified class;

    (3) Plaintiffs should be required to use the form of the Notice that follows this Recommendation; and

    (4) Plaintiffs should be required to file all Consents to Joinder in this lawsuit within sixty days from the date the they receive the names and last known addresses of the putative class members.

    FURTHER, IT IS ORDERED that Plaintiffs' Motion to File a Supplement in further Support of Plaintiffs' Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (#56) is DENIED.

    FURTHER, IT IS ORDERED that Plaintiffs' Motion for Acceptance by the Court of the Delayed Filing of Plaintiffs' Memorandum of Points and Authorities in Reply to Defendant's Opposition to Plaintiffs' Motion for Circulation of Notice of the Pendency of this Action Pursuant to 20 U.S.C. § 216(b) and for Other Relief (# 69) is DENIED.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

NOTICE OF PENDENCY OF COLLECTIVE ACTION LAWSUIT UNDER THE FAIR LABOR STANDARDS ACT

TO: All current and former employees of Trendwest Resorts, Inc. whose primary or exclusive duty is or was conducting sales at or reporting to premises maintained and operated by defendant; who were paid on a commission only or a salary plus commission basis; who worked at any California or Nevada location; and, who were employed anytime during the last three years

RE: Fair Labor Standards Act lawsuit filed against Trendwest Resorts, Inc.

## INTRODUCTION

The purpose of this notice is to:
1) inform you of the existence of a lawsuit in which you may be "similarly situated" to the named plaintiffs;
2) advise you of how your rights may be affected by this lawsuit; and
3) instruct you on the procedure for participating in this lawsuit, if you choose to do so.

This Notice is not an expression by the court of any opinion as to the merits of any claims or defenses asserted by any party to this action.

## DESCRIPTION OF THE LAWSUIT

On [insert brief history of two consolidated actions stating the dates they were filed and the plaintiffs originally bringing such actions.] The plaintiffs claim that Trendwest Resorts, Inc. violated the Federal Fair Labor Standards Act.  Specifically, plaintiffs claim that they are owed overtime pay, or time and one-half, for all hours they worked over forty (4) hour per week, and/or unpaid minimum wages.  The plaintiffs seek backpay and liquidated damages (double damages) in an amount equal to the alleged unpaid wages.  Tredwest Resorts, Inc. denies the plaintiffs claims, and denies they are liable to the plaintiff for any backpay or damages.

## COMPOSITION OF THE CLASS

The named plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated.  Specifically, plaintiffs seek to sue on behalf of any and all employees who have worked at Trendwest Resorts, Inc. at any time within the last three years.

The employees must have worked in a position in which they:

1) were paid in full or in part by sales commissions based upon sales of timeshare interests;
2) worked primarily or exclusively conducting sales at or reporting to premises maintained and operated by Trendwest Resorts, Inc.;
3) worked at a location in California or Nevada
3) did not receive overtime pay (time and one-half) for any hours they worked over forty (40) hours per week, or did not receive at least a minimum wage of $5.15 an hour, at any time within the last three years.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition above, you may join this case by mailing the enclosed "Consent to

Join" form to plaintiffs' counsel at the following address:

Mark Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

     If you want to join this lawsuit, you must send the form to Mark Thierman so he has time to file it with the Federal Court on or before [date sixty days after plaintiffs receive names and last known addresses of putative plaintiffs]. If you do not return the "Consent to Join" form in time for it to be filed with the Federal Court, you may not be able to participate in the Fair Labor Standards Act portion of this lawsuit.

EFFECT OF JOINING THIS SUIT

     If you choose to join this case, you will be bound by the decision of the court, whether it is favorable or unfavorable.

     The attorney for the class plaintiffs is being paid on a contingency fee basis, which means that if there is no recovery there will be no attorney's fee. If plaintiffs prevail in this litigation, the attorney for the class will request that the court either determine or approve the amount of attorney's fee and costs he is entitled to receive for his services.

     If you sign and return the "Consent to Join" form you are agreeing to:
1) designate the plaintiffs as your agent to make decisions on your behalf concerning this lawsuit;
2) the method and manner of conducting this lawsuit;
3) enter into an agreement with plaintiffs' counsel concerning attorney's fees and costs; and
4) all other matters pertaining to this lawsuit.

     These decisions and agreements made and entered into by the representative plaintiffs will be binding on you if you join this lawsuit. However, the court has retained jurisdiction to determine the reasonableness of any settlement with the defendants, and any agreement concerning the reasonableness of any attorney's fees and costs that are to be paid to the plaintiffs' counsel.

LEGAL EFFECT IN NOT JOINING THIS SUIT

     You do not have to join this lawsuit. If you do not wish to participate in this lawsuit, then do nothing. If you choose not to join this lawsuit, you will not be affected by any judgement, dismissal, or settlement rendered in this lawsuit, whether favorable or unfavorable to the class. This means if plaintiffs win you will not collect any money from the Fair Labor Standards Act portion of this lawsuit, and if plaintiffs lose you will not lose any claims you may or may not have under the Fair Labor Standards Act. If you choose not to join this lawsuit you are free to file your own lawsuit under the Fair Labor Standards Act.

STATUTE OF LIMITATIONS ON POTENTIAL CLAIMS

     The maximum period of time that you can collect unpaid wages under the Fair Labor Standards Act is three (3) years from when you worked the hours, but were not paid at least minimum wage, or not paid time and one-half. The statute of limitations continues to expire until you file with the court a written consent to join this lawsuit, or initiate your own lawsuit to collect your unpaid wages.

NO RETALIATION PERMITTED

Federal Law prohibits Trendwest Resorts Inc. from discharging you or in any other manner discriminating against you if you exercise your rights under the Fair Labor Standards Act to seek compensation.

YOUR IMMIGRATION STATUS DOES NOT MATTER IN THIS CASE

You are entitled to be paid overtime wages and minimum wages under the Fair Labor Standards Act, even if you are not otherwise legally entitled to work in the United States. Bringing a claim in the court for unpaid overtime wages is not a basis for you to be deported from the United States.

YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit and agree to be represented by the named plaintiffs through their attorney, your counsel in this action will be:

Mark Thierman, Esq.
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511
and
Leon Greenberg, Esq.
633 South Fourth Street, #9
Las Vegas, NN 89101

FURTHER INFORMATION

Further information about this Notice, the deadline for filing a "Consent to Join" form, or questions about this lawsuit may be obtained by contacting:

Leon Greenberg, Esq.
633 South Fourth Street, #9
Las Vegas, NV 89101
702-383-6085

The court has taken no position in this case regarding the merits of the plaintiffs' claims or of the defendants' defenses.

**DO NOT CONTACT THE CLERK OF THE COURT**

\* \* \*

DATED this 29th day of September, 2006.

*/s/ Leavitt*

**LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE**