**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

RONNIE WILLIAMS, *et al.*,

    Plaintiffs,

v.

TRENDWEST RESORTS, INC.,

    Defendant.

2:05-cv-00605-RCJ-LRL

**MOTION FOR CIRCULATION OF NOTICE OF THE PENDENCY OF THIS ACTION TO PERSONS EMPLOYED BY THE DEFENDANT IN STATES OTHER THAN NEVADA AND CALIFORNIA (#107)**

**AMENDED REPORT & RECOMMENDATION**

This Amended Report & Recommendation is intended to supplant the Report & Recommendation filed earlier by this court (#151).

This is a putative collective action brought by Ronnie Williams and other employees similarly situated. Plaintiffs are suing for unpaid wages under section 216(b) of the Fair Labor Standards Act ("FLSA"). Plaintiffs also make certain related claims under Nevada and California law. They bring these claims as a potential class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs here, however, are asking for notice pertaining solely to their claim under the FLSA.

Plaintiffs seek permission to send nationwide notice of a 29 U.S.C. § 216(b) collective action to potential plaintiffs, and have filed a Motion for Circulation of Notice of the Pendency of this Action to Persons Employed by the Defendant in States Other than Nevada and California (#107). Defendant opposes the motion (#118). Also filed on this matter is plaintiffs' Reply (#119).

**I. Factual and Procedural Background**

Plaintiffs in this case are employees of defendant Trendwest Resorts, Inc. ("Trendwest").

Trendwest is an Oregon Corporation that develops and markets time-share condominiums and resorts. Plaintiffs claim that their employer failed to pay them the minimum wage and overtime wages (time and one-half) due under federal and state law.

On December 1, 2005, plaintiffs filed a Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(B) and for Other Relief (#24). This court issued a Report and Recommendation (the "Report") without oral argument on September 29, 2006 (#71). In the Report, this court noted that plaintiffs' declarations only addressed California and Nevada Trendwest offices; therefore, this court recommended notice be limited to those states (Report (#71) at 6-7). On October 16, 2006, plaintiffs objected to the Report, specifically disputing the geographic limitation (Objection (#72)). Trendwest also objected, but only to the extent the Report directed notice be sent to managers (Objection (#74)).

On November 20, 2006, the court held a hearing on the parties' objections (Exh. C to Mot. (#107)). Shortly thereafter, the court overruled both parties' objections and adopted the Report in its entirety, including the recommended geographic limitation (Order (#106)). However, it allowed plaintiffs to revisit the geographical limitation and submit another motion for circulation of notice based on new evidence (Exh. C to Mot. (#107) at 22).

Plaintiffs now seek an order directing that nationwide notice of the pendency of this action be given to similarly situated employees of Trendwest, thus providing those employees with an opportunity to file written consents to join as party plaintiffs (Mot. (#107) at 2,7-11). Plaintiffs' motion is made and based upon the declarations of Curtis Curry ("Curry") (Exh. D to Mot. (#107)) and Ronnie Williams ("Williams") (Exh. E to Mot. (#107)), as well as certain exhibits detailing Trendwest employment policies (Exh. G-J to Mot. (#107)).[1] Trendwest objects to the Motion on a variety of grounds, arguing that (1) the motion is an impermissible motion for reconsideration, (2) plaintiffs do not present competent evidence demonstrating they are similarly situated to putative class members outside of

---

[1] Exhibits H-J were filed with the original motion (#24). (*See* ##51,52.)

California and Nevada, and (3) Trendwest has presented competent evidence that notice beyond California and Nevada is inappropriate (Opp'n (#118)).

**II. Discussion**

The FLSA allows for a collective action for employees who are "similarly situated" to the plaintiffs and who opt-in by filing a written consent. § 216(b); *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). The definition of "similarly situated" is not found in the FLSA, nor has the Ninth Circuit formulated a test to determine how the term should be applied. This court, however, uses the two-tiered majority approach to determine whether there are potential plaintiffs who are similarly situated. *See, e.g., Morales v. Allied Bldg. Crafts, Inc.*, 2:04-cv-01365 (Order (#42) Granting Conditional Certification of Class Action and Order Requiring Circulation of Notice to Putative Class Members, June 1, 2005).

The first tier under this approach is called the "notice stage." During this stage the court determines whether the potential opt-in plaintiffs are similarly situated. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). The plaintiffs bear the burden of showing they are similarly situated; the burden is light, and can be based on the pleadings and any affidavits which have been submitted. *See Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1139 n.6 (D. Nev. 1999) (citing *Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 361 (M.D. Ala. 1999)). The evidence must show there is "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Id.*; *see also Trezvant v. Fid. Empir. Servs. Corp.*, 434 F. Supp. 2d 40, 43 (D. Mass. 2006) (plaintiffs can show that potential class members are similarly situated "by making a modest factual showing or asserting *substantial* allegations that 'the putative class members were together the victims of a single decision, policy, or plan that violated the law'") (quoting *Thiessen v. Gen. Elec. Capital*, 267 F.3d 1095, 1102 (10th Cir. 2001)) (other citation omitted).[2]

---

[2] "Substantial allegations" have been defined as "detailed allegations supported by affidavits that successfully engage defendant's allegations to the contrary." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1105 (11th Cir. 1996); *accord Aguayo v. Oldenkamp Trucking*, 2005 U.S. Dist. LEXIS 22190, at *9 (E.D. Cal. Oct. 3, 2005).

Plaintiffs have filed two new declarations in support of the instant motion for nationwide notice (Exh. D,E to Mot. (#107). In each, the declarant alleges he was employed in Trendwest sites outside of California and Nevada, and that sales staff at those locations were subject to the same compensation policies at issue in this case (Exh. D,E to Mot. (#107)). However, both declarants discuss practices that fall outside of the applicable statute of limitations.

Title 29 United States Code Section 255 sets forth the applicable statute of limitations: "Any action . . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation or liquidated damages under the Fair Labor Standards Act . . . shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C.S. § 255; *see also Grayson*, 79 F.3d at 1105 ("It is undisputed that named plaintiffs commence their civil action upon the filing of their complaint.") (citing *O'Connell v. Champion Int'l Corp.*, 812 F.2d 393, 394 (8th Cir. 1987)).

Here, Williams discusses alleged practices in "Utah (in 2001), Colorado (in 2001), Arizona (in 2001) and Washington (in 1994 and 1995)." (Exh. D to Mot. (#107) at 2.) Yet the instant consolidated action was not filed in the district court of Clark County until April 19, 2005, more than three years after these allegations (*see* Petition for Removal (#1) at 1).[3] Therefore, his claims would fall outside the applicable statute of limitations, even were plaintiffs to allege a willful violation of the FLSA. *See* § 255(a).

Likewise, Curry declares he worked at Trendwest timeshare sales locations in Kansas from 2001 to February 2003, in Illinois from March 2003 to October 2003, and in Washington in 1990, 1995 and 2000 (Exh. D to Mot. (#107) at 1-2 ). Section 256(b) provides that if a plaintiff joins a pending class action, his action commences when he opts into the action by filing written consent with the court in which the action is pending. 29 U.S.C. § 256(b). (This section codifies section seven of the Portal-to-

---

[3] The Nevada state proceeding was removed to this court based on federal question and diversity jurisdiction (*see* Petition for Removal (#1)).

Portal Act.) Curry did not opt into the present action until December 7, 2006 (*see* Notice of Filing of Consents to Joinder (#100)), more than three years after the most recent allegation enumerated in his declaration. As a result, his allegations also fall outside the applicable statute of limitations.

As noted above, plaintiffs may demonstrate that potential class members are similarly situated by asserting substantial allegations that "the putative class members were together the victims of a single decision, policy, or plan that violated the law." *Trezvant*, 434 F. Supp. 2d at 43 (quoting *Thiessen*, *supra*). However, although plaintiffs have put forth new evidence of an illegal Trendwest employment policy (Exh. D,E to Mot. (#107)), such evidence only references activities which took place outside the applicable statute of limitations. Therefore, plaintiffs have gone no further than their previous Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(B) and for Other Relief (#24) in demonstrating that putative class members (employed by Trendwest in states other than California and Nevada) would have valid claims under the FLSA. As such, this court finds that plaintiffs' request that nationwide notice of the pendency of this action be given to similarly situated employees of Trendwest, or that such notice be given outside California and Nevada, would be inappropriate.

### RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiffs' Motion for Circulation of Notice of the Pendency of this Action to Persons Employed by the Defendant in States Other than Nevada and California (#107) Should Be Denied.

DATED this 27th day of September, 2007.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**