**STIPULATION AND SETTLEMENT AGREEMENT OF CLAIMS**

*Williams/Porter v. Trendwest Resorts, Inc.*

Case No. CV-S-05-0604 RCJ (LRL)

**IT IS HEREBY STIPULATED**, by and among Plaintiffs Ronnie Williams, Bartley Porter, Lisa Fox, Paul LeClair, on behalf of themselves and all others similarly situated, and Defendant Trendwest Resorts, Inc., subject to the approval of the Court, that this collective and class action is hereby compromised and settled pursuant to the terms and conditions set forth below in this Stipulation and Settlement Agreement of Claims:

**Defined Terms.**

1.      "Action" means the consolidated actions entitled Ronnie Williams, on behalf of himself and all others similarly situated vs. Trendwest Resorts, Inc., and Bartley Porter, Lisa Fox and Paul LeClair, on behalf of themselves, the general public, and all others similarly situated vs. Trendwest Resorts, Inc.,  Case No. 05-CV-S-00605 RCJ (LRL), pending in the United States District Court, District of Nevada.

2.      "Administration Costs" means the actual and direct costs reasonably charged by the Settlement Administrator for its services in administering the Settlement, currently projected by the Parties not to exceed One Hundred Thousand Dollars ($100,000).

3.       "Adjusted Authorized Claimant" is an Authorized Claimant who establishes to the satisfaction of the Settlement Administrator that he or she is entitled to receive a Settlement Award based upon Monthly Employment Credits derived from a period of employment greater than the period of employment calculated by Defendant based upon its review and analysis of its records.

1

4.      "Authorized Claimant" means a Class Member who does not exclude himself or herself from the Class and who submits a timely and valid Claim Form to the Settlement Administrator.

5.      "Claim Form" means a proof of claim and release in substantially the form as Exhibit 1, attached hereto.

6.      "Claims Deadline" means the date 45 days following the date on which the Settlement Administrator first mails the Class Notices and Claim Forms to the Class Members.

7.      "Claims Period" means the period commencing on the date the Class Notices and Claim Forms are first mailed and ending 45 days thereafter.

8.      "Class" means the aggregate group of Class Members.

9.      "Class Members" (or "Members of the Class") means all persons encompassed within the Subclasses defined below.

10.      "Class Notice" (or "Notice") means the Court-approved form of notice to Class Members, substantially in the form as Exhibit 2, attached hereto, which will notify Class Members of the conditional certification of the Settlement Class, Preliminary Approval of the Settlement, and scheduling of the Final Approval Hearing.

11.      "Class Period" means August 25, 2001 through December 31, 2007.

12.      "Court" means the United States District Court, District of Nevada.

13.      "Defendant" or "Wyndham" means Defendant Wyndham Resorts Development Corporation, Inc., formerly known as Trendwest Resorts, Inc.

14.      "Defendant's Counsel" means the law firms of Orrick, Herrington & Sutcliffe, LLP and Littler Mendelson PC.

15.      "Effective Date" of the Settlement means thirty-five (35) days after service of notice of entry of (a) the Settlement Order and Judgment on the Parties to the Action and all objectors to the Settlement (if any) if no appeal is taken and no motion for an extension of time in which to appeal is filed within such time period, or (b) orders

2

affirming said Settlement Order and Judgment or denying review after exhaustion of all appellate remedies if appeals or requests for review have been taken.

16.     "Fee and Expense Award" means such award of fees and expenses as the Court may authorize to be paid to Plaintiffs' Counsel for the services they have rendered to the Plaintiffs and the Class in the Action.

17.     "Final Approval" means that the Settlement Order and Judgment has been entered and the Court has made its final order awarding attorneys' fees and expenses.

18.     "Final Approval Hearing" means a hearing held before the Court to consider Final Approval of the Settlement, whether and in what amount attorneys' fees and expenses should be awarded to Plaintiff's Counsel, and the merits of any objections to the Stipulation and the Settlement set forth therein or any of its terms.

19.      "Judgment" means a judgment issued by the Court, following the Final Approval Hearing, in substantially the form attached hereto as Exhibit 4 dismissing the Complaints with prejudice.

20.     "Mediator" means the Honorable William Cahill (Ret.).

21.     "Named Plaintiff Awards" means such awards as the Court may authorize to be paid to the Plaintiffs Ronnie Williams, Bartley Porter, Lisa Fox, and Paul LeClair, in recognition of their efforts in obtaining the benefits of the Settlement for the Class and in exchange for a full release of claims against Defendant.

22.     "Objection/Exclusion Deadline" means the date 45 days following the date on which the Settlement Administrator first mails Notice and Claim Forms to the Class Members.

23.     "Parties" means Plaintiffs Ronnie Williams, Bartley Porter, Lisa Fox, and Paul LeClair, and Wyndham, and "Party" means any of said Parties.

24.     "Plaintiffs" means Plaintiffs Ronnie Williams, Bartley Porter, Lisa Fox, and Paul LeClair.

25.     "Plaintiffs' Counsel" means the Thierman Law Firm, and Leon Greenberg

3

Professional Corporation

26.   "Porter Complaint" means the First Amended Complaint filed on or about June 23, 2006 alleging claims for (1) restitution of overtime pay under California law (Business and Professions Code section 17200); (2) restitution of chargebacks under California law (Labor Code sections 221, 225, 204, 300, and 400-410); (3) unjust enrichment from unconscionable chargebacks under California law (Civil Code section 1670.5 and Business and Professions Code section 17200); (4) failure to reimburse business expenses under California law (Labor Code sections 2802, 400-410); and (5) waiting time penalties under California law (Labor Code section 203).  Together with the Williams Complaint, the "Complaints."

27.   "Preliminary Approval" means that the Court has entered an order substantially in the form attached hereto as Exhibit 3, preliminarily approving the terms and conditions of this Stipulation, including the manner of providing notice to Class Members.

28.   "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties (as defined below) failed to pay or charged back any commission wages to which Class Members were entitled, failed to reimburse business expenses, improperly classified Class Members as exempt, failed to provide all overtime wages due, failed to pay minimum wage, failed to provide timely or accurate paychecks, failed to provide meal or rest periods, failed to keep records properly concerning time worked, failed to properly pay any wages, and/or engaged in unfair business practices, at any times on or before

4

Final Approval, provided that only those Class Members who have filed consents to join this Action shall be deemed to release any claims that they possess arising under 29 U.S.C. 201 et. seq., the Fair Labor Standards Act.

29.     "Released Parties" means Wyndham, its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys.

30.     "Settlement" means the terms and conditions set forth in this Stipulation and Settlement Agreement.

31.     "Settlement Administrator" means Rosenthal & Company, or such other entity which the Parties mutually agree shall serve as Settlement Administrator.

32.     "Settlement Award" means the gross amount (including any taxes or other standard withholdings that shall be deducted) that each Authorized Claimant is entitled to receive from the Settlement Fund for distribution.

33.     "Settlement Class Members" (or "Settlement Class") means all Class Members who have not excluded themselves from the Class by filing a timely request for exclusion in accordance with the requirements set forth in the Class Notice.

34.     "Settlement Fund" (or "Fund") means the total of $1,000,000 (one million dollars) which is the maximum amount Defendant may be required to pay under this Settlement.

35.     "Settlement Fund for Distribution" means the amount remaining in the Settlement Fund after deductions from the Settlement Fund for Administration Costs, Tax Payments, the Fee and Expense Award, and the Named Plaintiff Awards.

36.     "Settlement Order" means an order issued by the Court, after the Final Approval Hearing, in substantially the form attached hereto as Exhibit 5, approving the Settlement and this Stipulation as binding upon the Parties.

37.     "Stipulation" or "Agreement" means this Stipulation and Settlement

OHS West:260350694.4

Agreement of Claims.

38.     "Subclass One" means all Class Members employed by Defendant in California from August 25, 2001 to December 31, 2007, who were engaged in work selling timeshare interests and who were paid in full or in part based on commissions. This includes all employees holding job titles of Developer Representative, Assistant Developer Representative, Director of Sales and Marketing, Explorer Representative, Leads Processor, Owner Referral Representative, Sales Assistant Manager, Sales Manager, Sales Project Director, Sales Representative, Upgrades Representative, Upgrades Supervisor, Verification Loan Officer, or substantially similar titles.

39.     "Subclass Two" means all Class Members employed by Defendant in Nevada from April 19, 2002 to December 31, 2007, who were engaged in work selling timeshare interests and who were paid in full or in part based on commissions.     This includes all employees holding job titles of Developer Representative, Assistant Developer Representative, Director of Sales and Marketing, Explorer Representative, Leads Processor, Owner Referral Representative, Sales Assistant Manager, Sales Manager, Sales Project Director, Sales Representative, Upgrades Representative, Upgrades Supervisor, Verification Loan Officer, or substantially similar titles.

40.     "Subclass Three" means all Class Members who in addition to being members of Subclass One  have also filed a consent to joinder in this action pursuant to 29 U.S.C. Sec. 216(b) under the Fair Labor Standards Act.

41.     "Subclass Four" means all Class Members who in addition to being members of Subclass Two have also filed a consent to joinder in this action pursuant to 29 U.S.C. Sec. 216(b) under the Fair Labor Standards Act.

42.     "Tax Payments" means both the employee and employer share of any tax obligations associated with payments to Authorized Claimants from the Settlement Fund.

43.     "Unknown Claims" means any and all actions, suits, claims, demands, rights, liabilities or causes of action other than those specified in paragraph 28 above that

the Parties, or any of the Subclass One or Subclass Three Settlement Class Members do not know of or suspect to exist in their favor, which, if known by them, might have affected their agreement to the Settlement.  With respect to Unknown Claims, as of Final Approval, each of the Settlement Class Members hereby expressly waive and relinquish, to the fullest extent permitted by law, the benefits of Section 1542 of the California Civil Code, which states:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor;

as well as any and all provisions, rights, and benefits of any similar state or federal law.

44.    "Williams Complaint" means the Complaint filed on or about April 19, 2005 alleging claims for (1) unpaid overtime and minimum wages under the Fair Labor Standards Act; (2) overtime and minimum wage pay and unpaid rest claims under Nevada law (NRS 608.016, NRS 608.100, NRS 608.250, NRS 608.018, and NRS 608.019); and (3) waiting time penalties under Nevada law (NRS 608.040).  Together with the Porter Complaint, the "Complaints."

**Procedural History.**

45.    The Action was originally filed as two separate actions.  Plaintiff Ronnie Williams filed suit on April 19, 2005 in Clark County, Nevada.  The Williams action was subsequently removed to the United States District Court, District of Nevada.  The Porter action was originally filed as Wiley v. Trendwest Resorts, Inc., in the Superior Court of California, San Francisco County.  The Wiley action was subsequently removed to the United States District Court, Northern District of California.  Thereafter, part of the action was transferred to the United States District Court, District of Nevada and consolidated with the Williams action, and the remainder of the action was remanded to California state court.  Thereafter, Wiley dismissed his claims and the Porter plaintiffs re-filed the Porter Complaint in the United States District Court, District of Nevada and consolidated with the Williams action.  On December 7, 2006, the U.S. District Court in

7

Nevada granted conditional certification of the alleged FLSA claims as to Nevada and California plaintiffs only, and authorized that notice be sent to such potential plaintiffs providing them the opportunity to opt into the Action.  After extensive discovery and an exchange of relevant information, and over two years of hard fought litigation, the Parties agreed to enter into private mediation before the Mediator, to try and resolve Plaintiffs' claims.  A mediation was held on December 11, 2007, and the Plaintiffs and Defendant thereafter reached the Settlement that is memorialized in this Stipulation.

**Stipulation for Class Certification.**

46.     The Parties stipulate and agree to the conditional certification of the Class for purposes of this Settlement only.  Should, for whatever reason, the Settlement not become final, the Parties' stipulation to class certification as part of the Settlement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.  Defendant expressly reserves its right and declares that it intends to oppose class certification vigorously should this Settlement not become final.

**Inadmissibility of Settlement Agreement.**

47.     Whether or not the Settlement is finally approved, neither the Settlement, nor any of its terms, nor any document, statement, proceeding or conduct related to this Stipulation, nor any reports or accounts thereof, shall in any event be:

      a.      Construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage;

      b.      Disclosed, referred to or offered or received in evidence against any of the Released Parties, in any further proceeding in the

8

Action, or in any other civil, criminal or administrative action or proceeding except for purposes of settling this Action pursuant to the terms of this Stipulation or enforcing the release of the Released Claims; or

c.      Used in any other way or for any other purpose.

**Investigation in the Class Action.**

48.      The Parties have conducted significant investigation of the facts and law both before and after the Action was filed.  Such discovery and investigations have included, *inter alia*, the exchange of information pursuant to formal discovery and informal discovery, meetings and conferences, interviews of potential witnesses, depositions, and motion practice.  Counsel for the Parties have further investigated the applicable law as applied to the facts discovered regarding the claims of Plaintiffs, the defenses thereto and the damages claimed by Plaintiffs.

**Benefits of Settlement to Class Members.**

49.      Plaintiffs have considered the expense and length of continued proceedings necessary to continue the Action against Defendant through trial and any possible appeals.  Plaintiffs have also taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation, including those involved in class certification.  Plaintiffs are also aware of the burdens of proof necessary to establish liability for the claims asserted in the Action, Defendant's defenses thereto, and the difficulties in establishing Plaintiffs' damages.  Plaintiffs have also considered the settlement negotiations conducted by the parties and the recommendations of the Mediator, who is highly experienced in employment litigation. Based on the foregoing, Plaintiffs have determined that the Settlement set forth in this Stipulation is fair, adequate and reasonable, and is in the best interests of the Class.

**Plaintiffs' Claims.**

50.      The Plaintiffs have claimed and continue to claim that the Released

9

Claims have merit and give rise to Defendant's liability.  Should this Settlement not be finally approved by the Court, neither this Stipulation nor any documents referred to herein, nor any action taken to carry out this Settlement is, or may be construed as or may be used as, an admission by or against the Plaintiffs as to the merits or lack thereof of the claims asserted by Plaintiffs.

**Defendant's Denials of Wrongdoing.**

51.    Defendant contends that all of its employees have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to pay any wages (including but not limited to overtime, minimum wage, commission wages, or otherwise), the classification of employees as exempt, and/or with respect to any of its compensation practices.  Defendant has denied and continues to deny each of the claims and contentions alleged by Plaintiffs in the Action.  Defendant denies any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action, and believes that it has valid defenses to Plaintiffs' claims.   Neither this Stipulation, nor any document referred to or contemplated herein, nor any action taken to carry out this Stipulation, may be construed as, or may be used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement would be appropriate in this or any other case.

**Release As To All Settlement Class Members.**

52.    Plaintiffs and all Settlement Class Members stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Settlement Order and Judgment shall have, expressly waived and relinquished the Released Claims and Unknown Claims.  Even if the Plaintiffs and/or the Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, each Plaintiff and Settlement Class Member, upon the Effective Date, shall be deemed to have and by

10

operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims and Unknown Claims.  This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

53.     The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with the Released Claims. The Settlement Awards and the Named Plaintiff Awards shall be paid to Settlement Class Members specifically in exchange for the release of the Released Parties from the Released Claims and for the covenant not to sue concerning the Released Claims.

**Prior Releases**

54.     No Class Member's claim under this Settlement shall be barred or limited by reason of any release or waiver of any kind previously executed by him or her relating to compensation paid or allegedly owed to such Class Member by reason of any work performed during the Class Period.  Defendant believes that all releases and/or waivers executed by its former employees are valid and enforceable, and Defendant's agreement as part of a compromise settlement here to allow Class Members who have previously released or waived claims against Defendant to make a claim under this Settlement does not affect the validity of any other release or waiver to which Defendant is a party. Nothing in this paragraph may be used in any way against the Released Parties, including without limitation as an admission, concession, evidence or indication that any release or waiver to which Defendant is a party is invalid or unenforceable.

OHS West:260350694.4

**Settlement Payments by Defendant.**

55.     In full settlement of the claims asserted herein, Defendant will pay a total of $1,000,000 (one million dollars) into the Settlement Fund.  The Settlement Fund in this Action has five components: (1) the Settlement Awards; (2) the Named Plaintiff Awards; (3) the Fee and Expense Award; (4) the Administration Costs; and (5) the Tax Payments.  The entire Settlement Fund shall be paid out as allocated herein.

**No Injunctive Relief.**

56.     Defendant shall not be required as a part of this Settlement to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive relief.

**Notice/Approval of Settlement and Settlement Implementation.**

57.     As part of this Settlement, the Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, certifying the Class, and notifying Class Members:

a.      <u>Preliminary Settlement Hearing</u>.  Counsel for the Parties shall jointly request a hearing before the Court to seek Preliminary Approval of the Settlement on the earliest practical date.  In conjunction with such hearing, the Parties will submit this Stipulation, together with the exhibits attached hereto, and any other documents necessary to implement the Settlement. Plaintiffs' Counsel shall submit the preliminary approval papers to Defendant's Counsel for their review no less than 7 days prior to filing such papers with the Court.

b.      <u>Certification of Class</u>.  Simultaneous with the filing of the Stipulation and solely for purposes of this Settlement, Counsel for the Parties will request the Court to enter a Preliminary Approval Order, substantially in the form of Exhibit 3 attached hereto,

12

preliminarily approving the proposed Settlement, certifying the Class, and setting a date for the Final Approval Hearing. The Preliminary Approval Order shall provide for notice of the Settlement and related matters to be sent to the Class Members as specified herein.

c.   <u>Class Action Fairness Act Notice</u>. Within 10 days following the filing of the Stipulation, Defendant shall serve notice of the proposed Settlement upon the appropriate state and federal officials as specified in 28 U.S.C. § 1715.

d.   <u>Information Regarding Class.</u>   Within 30 days following Preliminary Approval, Defendant shall provide the  Settlement Administrator and Plaintiffs' Counsel the following information with respect to each Class Member: name and most current address.  Defendant will also provide the Settlement Administrator with each Class Member's Social Security number contained in Defendant's personnel records.   Plaintiffs' Counsel shall also provide the Settlement Administrator with a list of names and addresses for Class Member who filed consents to join the FLSA collective action, and such addresses (subject to appropriate updating) shall be used by the Settlement Administrator for such persons.

e.   <u>Notice to Class Members</u>. After consultation with the Parties and after updating the class member address list using the National Change of Address system and one credit or equivalent database, the Settlement Administrator shall mail the form of Class Notice approved by the Court to all persons who are shown by Defendant's records to be members of the Class.

13

        f.      <u>Settlement Administrator</u>.  The Settlement Administrator shall be responsible (a) for printing and mailing to the Class Members the Claim Form and Class Notice attached hereto as Exhibits 1 and 2 as directed by the Court; (b) disseminating the Notice; (c) receiving and reviewing the Claim Forms submitted by Class Members to determine eligibility for a Settlement Award of Settlement Class Members; (d) consulting with Counsel for Plaintiffs and Defendant concerning the time worked by Class Members and amounts of any Settlement Awards to be paid to Settlement Class Members; (e) keeping track of opt outs; (f) calculating all tax obligations arising from the Settlement Awards, including any Tax Payments; and (g) distributing such Settlement Awards, Named Plaintiff Awards, Fee and Expense Award and Administration Costs as may be ordered by the Court, together with such other tasks as the Parties mutually agree or the Court orders the Settlement Administrator to perform.  The Parties all represent they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest**.**

**Class Notice.**

58.     The Parties agree to the following procedures for giving notice of this Settlement to the Class:

        a.      Within 45 days after entry of the Preliminary Approval Order as provided herein, the Settlement Administrator shall send a copy of the Class Notice in the form approved by the Court in its Preliminary Approval Order to all persons shown by Defendant's records to be Class Members, via First Class regular U.S. mail,

14

using the most current mailing address from Defendant's records (the addresses provided by Plaintiffs' Counsel for Class Members who opted into the FLSA collective action shall be used) or any more current address discovered from the address searches. The Claim Form shall include instructions on how to submit the Claim Form, and shall notify Class Members that the Claim Form must be completed, signed and returned by first class mail no later than the Claims Deadline for a Class Member to be eligible to receive any Settlement Award.

b.      Any Notices returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within 3 (three) days following receipt of the returned mail. For any Notices returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall conduct one address search using a credit database, and shall promptly re-mail the Notices to the newly-found addresses. In the event that an intended recipient of a Class Notice does not receive the Class Notice, the intended recipient shall nevertheless remain a Settlement Class Member, but will not be an Authorized Claimant unless he or she timely files a Claim Form as provided in this Stipulation. The Claim Form to be sent to Class Members at a forwarding address provided by the post office or obtained by the Settlement Administrator using a credit database as discussed in this paragraph shall be identical to the original Claim Form except that it shall notify the Class Members that the Claim Form must be returned by first class mail and postmarked within 7 (seven) days after the Claims Deadline.

15

      c.      The date of the postmark on the return envelope shall be the exclusive means used to determine whether a Class Member has timely returned his/her Claim Form on or before the Claims Deadline.  In the event that the postmark is illegible, the Claim Form shall be deemed untimely unless it is received within 7 (seven) calendar days after the Claims Deadline.  Subject to the provisions of paragraph 82 below, or unless otherwise agreed by the Parties, Claim Forms that are not timely mailed or received shall be disregarded.

**Procedure for Objecting to or Requesting Exclusion From the Settlement.**

59.     Class Members who wish to object to the Settlement or to be excluded from the Settlement Class shall submit objections and/or requests for exclusion from the Settlement Class, using the following procedures:

      a.      <u>Procedure for Objecting</u>.  The Notice shall provide that only Settlement Class Members may object to the Settlement and that Settlement Class Members who wish to object to the Settlement must file with the Court and serve on counsel for the Parties a written statement objecting to the Settlement.  Such written statement and all supporting briefs or other materials must be filed with the Court and served on counsel for the Parties no later than the Objection/Exclusion Deadline.  No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Settlement Class Member shall be received or considered by the Court at the Final Approval Hearing, unless the written statement of objections and supporting materials are timely filed

16

and served as set forth herein.  Settlement Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

b. <u>Procedure for Requesting Exclusion</u>.  The Class Notice shall provide that Class Members who wish to exclude themselves from the Class must submit to the Settlement Administrator a written statement requesting exclusion from the Class (also referred to herein as "opt out") no later than the Objection/Exclusion Deadline.  Such written request for exclusion must contain the name, address, telephone number and social security number of the person requesting exclusion and must be postmarked on or before the Objection/Exclusion Deadline.  In the event that the postmark is illegible, the request for exclusion shall be deemed untimely unless it is received within 7 (seven) calendar days after the Objection/Exclusion Deadline.  Class Members who fail to submit a valid and timely request for exclusion in the manner described in this paragraph shall be bound by all terms of the Settlement and the Settlement Order and Judgment if the Settlement  is  approved by the  Court.    No  later  than  7  (seven)  days  after  the Objection/Exclusion Deadline, the Settlement Administrator shall inform the Parties which persons have requested exclusion.

If the total number of Class Members who opt out of the Settlement is more than 2% (two percent) of the number of Class Members to whom a Notice was mailed, Defendant will have the option at its discretion of rejecting the Settlement in its entirety; provided, however, that such option must be exercised within seven (7) days after receiving notice

17

from the Settlement Administrator after the Objection/Exclusion Deadline as to how many Class Members have requested exclusion.

**No Solicitation of Settlement Objections or Exclusions.**

60.     The Parties agree to use their best efforts to carry out the terms of this Settlement.  The Parties further agree that the decision to submit a Claim Form should be left to the individual Class Members.  Neither Party nor their Counsel or agents will attempt to influence Class Members not to participate in this Settlement or not to submit a Claim Form. In addition, at no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members or any other persons to submit written objections to the Settlement, requests for exclusion from the Settlement Class, or to encourage Settlement Class Members to appeal from the Settlement Order and Judgment.

61.     The Parties recognize and agree that the claims for overtime compensation, minimum wage compensation, and commission pay in this litigation are extremely difficult to determine with any certainty for any given year, or at all, and are subject to myriad differing calculations and formulas.  The Parties agree that the formula for allocating the Settlement Awards to the Plaintiffs and Settlement Class Members provided herein is reasonable and that the payments provided herein are designed to provide a fair settlement to such persons, in light of the uncertainties of the compensation alleged to be owed to the Settlement Class and the calculation of such amounts.

**Calculation of Settlement Awards.**

62.     The Settlement Administrator shall have the authority and obligation to calculate the amounts of Settlement Awards in accordance with the methodology set forth in this Stipulation and orders of the Court.   The first two steps shall occur before the Settlement Administrator mails out Claim Forms to Class Members.  First, the Settlement Administrator shall initially calculate the number of "Monthly Employment Credits" for each Class Member and the total number of Monthly Employment Credits for the Class as a whole, based on the data provided by Wyndham, as follows:  each Class Member

18

shall be credited with his or her total "Monthly Employment Credits", meaning calendar months or partial calendar months of employment within a covered position during the Class Period (any partial calendar month being considered equal to a whole calendar month of employment for this purpose).    Authorized Claimants who are members of Subclass One shall have their calendar months or partial calendar months of employment during the Class Period (any partial calendar month being considered equal to a whole calendar month of employment for this purpose) increased by 25% in recognition of their release of claims under California statutes that are not analogous to any Nevada statutes at issue in this case.  Authorized Claimants who are members of Subclass Four will have their calendar months or partial calendar months of employment during the Class Period (any partial calendar month being considered equal to a whole calendar month of employment for this purpose) increased by 100% in recognition of their release of claims under the Fair Labor Standards Act.  Authorized Claimants who are members of Subclass Three will have their calendar months or partial calendar months of employment during the Class Period (any partial calendar month being considered equal to a whole calendar month of employment for this purpose) increased by 125%.  For this initial pre-claims submission calculation, the Settlement Administrator shall assume 100% participation in the claims process by all Class Members.

63.    Second, the Settlement Administrator shall calculate a minimum dollar value per Monthly Employment Credit as follows:  The Settlement Administrator shall calculate the approximate Settlement Fund for Distribution, based on the estimated maximum or maximum (as applicable) amounts set forth herein for the (i) Administration Costs, (ii) Fee and Expense Award and (iii) Named Plaintiff Awards.  The Settlement Administrator will then divide the total number of Monthly Employment Credits for the Class as a whole into ninety-five percent (95%) of the approximate Settlement Fund for Distribution, resulting in a "minimum dollar value per Monthly Employment Credit."

64.    Third, after the Settlement Administrator receives claims from Class

19

Members pursuant to the claims process, the Settlement Administrator will calculate all actual Settlement Awards to Authorized Claimants as follows:   the Settlement Administrator will determine whether any Authorized Claimant's Monthly Employment Credits need to be adjusted, based on Wyndham's data/records and any documentary evidence submitted by any Authorized Claimant who disputes the accuracy of Wyndham's data as to Monthly Employment Credits.  The Settlement Administrator will then divide 100% of the actual Settlement Fund for Distribution by the total number of Monthly Employment Credits for all Authorized Claimants, as adjusted, to arrive at an "actual dollar value per Monthly Employment Credit."  If the "actual dollar value per Monthly Employment Credit" is larger than the "minimum dollar value per Monthly Employment Credit," then each Authorized Claimant's Settlement Award shall be each Authorized Claimant's Monthly Employment Credits (as adjusted if applicable) multiplied by the "actual dollar value per Monthly Employment Credit."

65.   If, alternatively, in the highly unlikely event that the "actual dollar value per Monthly Employment Credit" is less than the "minimum dollar value per Monthly Employment Credit," then each Authorized Claimant's Settlement Award shall be calculated as follows:   each Authorized Claimant's Monthly Employment Credits (unadjusted) shall be multiplied by the "minimum dollar value per Monthly Employment Credit."  For each Authorized Claimant whose Monthly Employment Credits were <u>not adjusted</u> by the Settlement Administrator, this result shall be the Authorized Claimant's Settlement Award.  For each Authorized Claimant whose Monthly Employment Credits <u>were adjusted</u> by the Settlement Administrator, the Settlement Award shall consist of (a) the Authorized Claimant's Monthly Employment Credits (unadjusted) multiplied by minimum dollar value per Monthly Employment Credit), plus (b) the Authorized Claimant's proportionate pro rata share of 5% of the actual Settlement Fund for Distribution.   This proportionate pro rata share shall be calculated by totaling all additional adjusted Monthly Employment Credits for all Authorized Claimants, dividing

20

this total number of additional Monthly Employment Credits into 5% of the actual Settlement Fund for Distribution, resulting in a "dollar value per adjusted Monthly Employment Credit," and multiplying each Authorized Claimant's additional adjusted Monthly Employment Credits by the "dollar value per adjusted Monthly Employment Credit."

66.     The Settlement Award for each Authorized Claimant shall include the applicable Tax Payments arising from the award, and in calculating the portion of the Settlement Award that shall be paid to the Authorized Claimant and the portion that shall be withheld for applicable Tax Payments, the entire Settlement Award shall be exhausted. The Settlement Administrator will pay all Settlement Awards, Named Plaintiff Awards, the Fee and Expense Award, Administration Costs, and Tax Payments from the Settlement Fund.

67.     The Claim Form distributed with the Notice shall: 1) advise each Class Member of the total Monthly Employment Credits shown by Wyndham's records; 2) advise each Class Member of the approximate minimum value, based upon the expected Settlement Fund for Distribution amount, of each Monthly Employment Credit as calculated in paragraph 63 and the minimum value of the Class Member's claim based upon their unadjusted Monthly Employment Credits as calculated in paragraph 62; (3) advise each Class Member of the approximate value of each Monthly Employment Credit, based upon the expected Settlement Fund for Distribution amount, in the event Class Members holding 50% of all Monthly Employment Credits were Authorized Claimants and there were no Adjusted Authorized Claimants; and  (4) advise each Class Member of the approximate value of each Monthly Employment Credit, based upon the expected Settlement Fund for Distribution amount, in the event Class Members holding 10% of all Monthly Employment Credits were Authorized Claimants and there were no Adjusted Authorized Claimants.

68.     The Parties agree that, for purposes of this Settlement, 50% of each

21

Settlement Class Member's Settlement Award shall be deemed wages for which payroll deductions will be made from such Settlement Class Member's Settlement Award for state and federal withholding taxes or any other applicable payroll deductions. The Parties further agree that 25% of each such Settlement Award represents the payment of interest and 25% represents the payment of liquidated damages and/or penalties under applicable state law. Interest and penalties paid under this Stipulation shall not be subject to federal, state and local payroll withholding taxes.

69.    Each Authorized Claimant will be responsible for paying all applicable state, local, and federal income taxes on all amounts the Authorized Claimant receives pursuant to this Stipulation. Each Authorized Claimant shall cooperate with Defendant and provide documentation as requested to demonstrate such payment should any taxing authority challenge the allocation of Settlement Awards.

70.    It shall be the responsibility of the Settlement Administrator or its designee to timely and properly withhold from Settlement Awards payable to Authorized Claimants all applicable federal, state and local income and employment taxes and to prepare and deliver the necessary tax documentation for signature by all necessary parties and, thereafter, to cause the appropriate deposits of withholding taxes and informational and other tax return filing to occur. Payments to Authorized Claimants and to Plaintiffs' Counsel pursuant to this Stipulation shall be reported on IRS Forms W-2 or 1099, and provided to the respective Authorized Claimants, Plaintiffs' Counsel and applicable governmental authorities as required by law. Each Authorized Claimant's share of all applicable federal, state and local income and employment taxes withheld and deposited with the applicable governmental authorities in accordance with this Stipulation shall be a part of, and paid out of, the Settlement Award to each Authorized Claimant.

71.    All reasonable and direct expenses and costs incurred by, or at the direction of, the Settlement Administrator in connection with the operation and implementation of this Stipulation (including, without limitation, expenses of tax

22

attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the informational and other tax returns described above) ("Tax Expenses") shall be paid out of the Settlement Fund, and shall be treated as, and considered to be, a cost of administration of the Settlement and part of the Administration Costs.

72.     Notwithstanding anything herein to the contrary, any funds necessary to pay Settlement Fund taxes, Tax Expenses, Tax Payments, or any other tax amounts, including the establishment of adequate reserves for such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. Section 1.468B-2(1)(2)), shall be withheld from distribution to Authorized Claimants.   Defendant is not responsible and shall have no liability therefor.  No person shall have any claim against Defendant, Defendant's Counsel, the Plaintiffs, the Settlement Class Members, Plaintiffs' Counsel or the Settlement Administrator based on mailings, distributions and payments made in accordance with or pursuant to this Stipulation.

**Fee and Expense and Named Plaintiff Awards.**

73.     Before computing the amounts of any Settlement Awards to be paid to Class Members, the Settlement Administrator shall pay the Fee and Expense Award and Named Plaintiff Awards authorized by the Court and shall withhold a reserve to cover the Administrative Costs, Settlement Fund taxes, and Tax Expenses.  Plaintiffs' Counsel intend to request that the Court award attorneys' fees in the amount of $300,000 (three hundred thousand dollars) which is equal to 30% of the Settlement Fund.  Plaintiffs' Counsel also intend to request that the Court award actual costs up to a maximum of $50,000 (fifty thousand dollars).  Plaintiffs' Counsel also intend to request that the Court approve a Named Plaintiff Award of $5,000 (five thousand dollars) for each Plaintiff. Plaintiffs' Counsel shall not be permitted to petition the Court for, or accept, any additional payments for fees or expenses.  The amounts paid in fees shall be for all claims for attorneys' fees past, present and future incurred in the Action.  Defendant will not

OHS West:260350694.4

object to Plaintiffs' Counsel's requests set forth in this paragraph.

74.    The Fee and Expense Award shall be paid from the Settlement Fund to Plaintiffs' Counsel within 10 (ten) days of the Effective Date.  All such attorneys' fees and expenses shall be paid solely from the Settlement Fund, and Defendant shall not be required to otherwise pay any portion of such attorneys' fees and expenses.  Such funds will be paid by the Settlement Administrator to Plaintiffs' Counsel by wire transfer or check as designated in writing by Plaintiffs' Counsel.

75.    Payment of the Fee and Expense Award to Plaintiffs' Counsel shall constitute full satisfaction of any obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or costs in the Action incurred by any attorney on behalf of the Plaintiffs or the Settlement Class, and shall relieve Defendant and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/or costs to which any of them may claim to be entitled on behalf of the Plaintiffs and/or the Settlement Class.  Upon receipt of the Fee and Expense Award, Plaintiffs' Counsel will be deemed to have released Defendant from any and all claims resulting from the Action.

76.    The Named Plaintiff Awards shall be paid from the Settlement Fund to the Plaintiffs within 10 (ten) days of the Effective Date.  Named Plaintiff Awards paid under this Stipulation shall be reported on IRS Forms 1099 by the Settlement Administrator and provided to the respective Plaintiffs and applicable governmental authorities.

77.    The Named Plaintiff Awards are paid in exchange for a release by Plaintiffs of all Released Parties for all claims, demands, rights, liabilities, and causes of action, including without limitation the Released Claims and Unknown Claims, whether for economic damages, noneconomic damages, punitive damages, restitution, tort, contract, penalties, injunctive or declaratory relief, attorneys fees, costs, or other monies or remedies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act,

24

which are or could be the basis of any claim that Defendant acted in any manner that was unlawful.  This release includes all federal and state statutory claims, and federal and state common law claims (including but not limited to those for contract, tort, and equity), including, without limitation, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 (as amended), Age Discrimination in Employment Act, 42 U.S.C. §1981, 42 U.S.C. § 1983, the Fair Labor Standards Act, the Employee Retirement Security Income Act of 1974, the California Constitution, the California Fair Employment and Housing Act, the California Unfair Competition Act (California Business and Professions Code section 17200 et seq.), the California Labor Code, including section 132a claims, Nevada Revised Statutes, and claims for additional compensation relating to stock options.   This release by the Plaintiffs shall be effective upon the Effective Date.  The Plaintiffs may receive Settlement Awards in addition to any Named Plaintiff Awards, so long as they submit valid and timely Claim Forms.

**Questions and Disputes.**

78.     In the event that questions or disputes arise regarding the entitlement of any Plaintiff or Class Member under this Stipulation, Defendant shall provide to Plaintiff's Counsel and the Settlement Administrator all available information reasonably necessary and available in order to resolve that issue.  Such information shall be provided in either electronic form or hard copy, as the Settlement Administrator may reasonably request.

**Defendant's Legal Fees.**

79.     All of Defendant's own legal fees, costs and expenses incurred in the Action shall be borne by Defendant.

**Final Settlement Approval Hearing and Entry of Settlement Order and Judgment.**

80.     Following the Claims Deadline and the Objection/Exclusion Deadline, the Parties will ask the Court to conduct a Final Approval Hearing to determine Final

Approval of the Settlement.  Upon Final Approval of the Settlement by the Court at or after such hearing, the Parties shall present the Settlement Order and Judgment to the Court for its approval and entry.

**Procedure for Payment of Settlement Awards.**

81.    After the Effective Date, and solely for purposes of this Stipulation, the Settlement Awards shall be distributed in accordance with the following eligibility requirements:

a.    <u>Class Members Opting Out of Class</u>.  Class Members who submit valid and timely requests for exclusion pursuant to the Class Notice are not entitled to any Settlement Award and will not be bound by this Settlement or any order or judgment entered by the Court approving this Settlement.

b.    <u>Settlement Class Members</u>.  Class Members who do not exclude themselves from the Class and who submit valid and timely Claim Forms shall be deemed to be Authorized Claimants and shall receive a Settlement Award.

c.    Class Members who do not exclude themselves from the Class but fail to submit valid and timely Claim Forms shall not be deemed to be Authorized Claimants and shall not receive a Settlement Award, although they will be bound by the terms of the Settlement.

82.    For purposes of this Agreement, a Claim Form shall be deemed valid only if: (1) the Claim Form contains the Settlement Class Member's name and social security number; (2) the Settlement Class Member has dated and signed the Claim Form under penalty of perjury; and (3) the name and social security number provided by the Settlement Class Member on the Claim Form matches Defendant's records.  If the Settlement Administrator receives a Claim Form on or before the Claims Deadline but the Claim Form is defective as to any of these three requirements, then, within 3 (three)

OHS West:260350694.4

days of its receipt of the defective Claims Form, the Settlement Administrator shall notify the Settlement Class Member of the defects and advise the Settlement Class Member that the Claim Form is defective and that a corrected Claim Form must be received by the Settlement Administrator by the later of the Claims Deadline or 21 (twenty-one) days after the date of mailing the notice of the defect.  If the Settlement Class Member's Claim Form remains defective after this opportunity to cure, the Claim Form shall be rejected. If any of the information specified in this paragraph is provided but the information provided by the Class Member does not match Defendant's records, the Settlement Administrator shall determine whether the Claim Form should be accepted.

83.     Plaintiffs' Counsel shall have the right to request that the Court excuse the late submission of any Claim Form by any Settlement Class Member for good cause shown, as long as the Settlement Administrator has received such Claim Form at least 10 days prior to the date of the Final Approval Hearing.

84.     The name and social security number provided by the Settlement Class Member will be deemed to match Defendant's records only if:  (1) both the first and last name and the social security number provided by the Class Member matches Defendant's records; or (2) the social security number provided by the Settlement Class Member match Defendant's records and it appears the person's name has been legally changed as a result of a change in marital status or the order of a court.  The Parties will engage in good faith attempts to resolve any questions regarding such matters.  In the event of an irreconcilable conflict between the information provided on a Claim Form and information in Defendant's records, Defendant's records shall be presumed correct, but the Settlement Administrator shall make a final ruling as to whether such claim shall be accepted after considering all such evidence as it reasonably deems appropriate. Although Settlement Class Members who do not submit a valid and timely Claim Form shall not receive a Settlement Award, such persons shall nonetheless remain members of the Settlement Class and will be bound by all terms of the Settlement and any Settlement

27

Order and Judgment entered by the Court, unless they have excluded themselves from the Settlement Class in the manner provided herein.

85.     Subject to the provisions in paragraphs 81 and 83 above, if any Class Member has not cured a defect in his or her otherwise timely Claim Form within the time prescribed above, the Settlement Administrator shall deny that claim and send that person a notice, stating the reason the claim was denied.

86.     The Settlement Administrator shall mail the Settlement Award checks to each Authorized Claimant within 30 (thirty) days after the Effective Date but in no event shall any payment be made prior to the Effective Date.  The Settlement Administrator's determination of eligibility for any Settlement Awards under the terms of this Agreement shall be conclusive, final and binding on all Parties and all Settlement Class Members.

87.     Any checks paid to Authorized Claimants shall remain valid and negotiable for 180 (one hundred eighty) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Authorized Claimants within that time, at which time the Authorized Claimant's claim will be deemed null and void and of no further force and effect and the funds represented by such check (including the Tax Payment made from the Settlement Fund and associated with such check) shall be paid to Boyd Law School in Las Vegas, Nevada for the purpose of employment law education.  Administration of the Settlement shall be completed no later than 270 (two hundred seventy) days after the Effective Date.  Upon completion of administration of the Settlement, the Settlement Administrator shall provide written certification of such completion to the Court, Plaintiffs' Counsel and Defendant's Counsel.

88.     No person shall have any claim against Defendant, Defendant's Counsel, the Plaintiffs, the Settlement Class, Plaintiffs' Counsel or the Settlement Administrator based on mailings, distributions and payments made in accordance with this Stipulation.

**Administration Costs.**

89.     The Parties agree to cooperate in the Settlement administration process

28

and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

**Nullification of Settlement Agreement.**

90.      In the event: (i) the Court does not enter any order specified herein; (ii) the Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter the Settlement Order and Judgment as provided herein which become final as a result of the occurrence of the Effective Date; or (iv) the Settlement does not become final for any other reason, including the opt-out of more than two percent (2%) of Settlement Class Members and Defendant's rejection of the Settlement on that basis, this Stipulation shall be null and void *ab initio* and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as withdrawn or vacated by stipulation of the parties.  In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Stipulation, and the Parties shall proceed in all respects as if this Stipulation had not been executed.    In the event an appeal is filed from the Settlement Order and Judgment, or  any  other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

**Notification and Certification By Settlement Administrator.**

91.      The Settlement Administrator shall keep Defendant's Counsel and Plaintiffs' Counsel apprised of the status of the claims administration process and its distributions of Settlement Awards.  Upon completion of administration of that portion of the Settlement, the Settlement Administrator shall provide written certification of such completion to the Court and counsel for all Parties.

**No Effect on Employee Benefits.**

92.      The Settlement Awards paid to Settlement Class Members and the Named Plaintiff Awards paid to the Plaintiffs shall be deemed not to be "pensionable" earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee

benefits (*e.g.* vacations, holiday pay, retirement plans, etc.) of the respective Plaintiffs or Settlement Class Members.  The Parties agree that any Settlement Awards or Named Plaintiff Awards paid to Settlement Class Members under the terms of this Stipulation do not represent any modification of Settlement Class Members' previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.  Further, any Settlement Awards or Named Plaintiff Awards paid hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.

**Privacy of Documents and Information.**

93.     At the request of Defendant, Plaintiffs and their counsel agree that they will return to Defendant all documents and information provided to them by Defendant within 30 days of the Effective Date, and that none of the documents and information provided to them by Defendant shall be used for any purpose other than prosecution of this Action.  Alternatively, Defendant can require that Plaintiffs' Counsel certify that all such documents have been securely destroyed.

**Publicity.**

94.     Other than as necessary to implement the Settlement, neither the Named Plaintiffs nor Plaintiffs' Counsel shall initiate any publicity, disclosure or contact with the media, or respond to any inquiry from the media regarding the Settlement.

**Exhibits and Headings.**

95.     The terms of this Stipulation include the terms set forth herein and attached Exhibits 1-5, which are incorporated by this reference as though fully set forth herein.  Any exhibits to this Stipulation are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Stipulation are inserted for convenience of reference only and do not constitute a part of this Settlement.

**Interim Stay of Proceedings.**

96.     The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement, pending the Final Approval Hearing to be conducted by the Court.

**Amendment or Modification.**

97.     This Stipulation may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

**Entire Agreement.**

98.     This Stipulation and the attached exhibits constitute the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  All prior or contemporaneous negotiations, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect.  Each of the Parties acknowledges that it has not relied on any promise, representation or warranty, express or implied, not contained in this Stipulation.

**Authorization to Enter Into Settlement Agreement.**

99.     Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Stipulation and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Stipulation to effectuate its terms, and to execute any other documents required to effectuate the terms of this Stipulation.  Notwithstanding the foregoing sentence, the Plaintiffs shall personally sign this Stipulation and Plaintiffs' Counsel shall not sign this Stipulation on behalf of Plaintiffs.  The Parties and their counsel agree to cooperate with each other and to use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions or

31

actions that may become necessary to effectuate the terms of this Settlement, the Parties shall seek the assistance of the Court or the Mediator to resolve such disagreement.

**Binding on Successors and Assigns.**

100.    This Stipulation shall be binding upon, and inure to the benefit of, the heirs, beneficiaries, successors or assigns of the Parties hereto, as previously defined.

**Nevada Law Governs.**

101.    All terms of this Stipulation and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Nevada, regardless of its rules regarding conflict of laws.

**Counterparts.**

102.    This Stipulation may be executed in one or more counterparts.   All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Stipulation shall exchange among themselves original signed counterparts.

**Cooperation and Drafting.**

103.    Each of the Parties has cooperated in the drafting and preparation of this Stipulation; hence the drafting of this Stipulation shall not be construed against any of the Parties.

**Jurisdiction of the Court.**

104.    Any dispute regarding the interpretation or validity of or otherwise arising out of this Stipulation, or relating to the Action or the Released Claims, shall be subject to the exclusive jurisdiction of the United States District Court, District of Nevada, and the Plaintiffs, Settlement Class Members, and Defendant agree to submit to the personal and exclusive jurisdiction of the Court.  The Court shall retain jurisdiction solely with respect to the interpretation, implementation and enforcement of the terms of this Stipulation and all orders and judgments entered in connection therewith, and the parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing

OHS West:260350694.4

and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

### Invalidity of Any Provision.

105.    The Parties request that before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

### Plaintiffs' Waiver of Right to be Excluded and Object.

106.    By signing this Stipulation, Plaintiffs agree to be bound by the terms herein and further agree not to request to be excluded from the Settlement Class and agree not to object to any of the terms of this Stipulation.  Any such request for exclusion or objection shall therefore be void and of no force or effect.

Dated: _____

 

 

_____
Ronnie Williams

Dated: _June 12, 2008_

_____
Bartley Porter

Dated: _____

_____
Lisa Fox

Dated: _____

_____
Paul LeClair

WYNDHAM RESORTS
DEVELOPMENT CORPORATION, INC.

Dated: _____

By_____

    Barbara Ann Sellinger
    Group Vice President
    Enterprise Labor and Employment
    Law

33

and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

### Invalidity of Any Provision.

105.    The Parties request that before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

### Plaintiffs' Waiver of Right to be Excluded and Object.

106.    By signing this Stipulation, Plaintiffs agree to be bound by the terms herein and further agree not to request to be excluded from the Settlement Class and agree not to object to any of the terms of this Stipulation.  Any such request for exclusion or objection shall therefore be void and of no force or effect.


Dated: _____          _____
                                      Ronnie Williams

Dated: _____          _____
                                      Bartley Porter

Dated: _____          _____
                                      Lisa Fox

Dated: 06 - 13 - '08                  _____
                                      Paul LeClair


                                      WYNDHAM RESORTS
                                      DEVELOPMENT CORPORATION, INC.

Dated: _____          By_____

                                          Barbara Ann Sellinger
                                          Group Vice President
                                          Enterprise Labor and Employment
                                          Law


33

and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

### Invalidity of Any Provision.

105.    The Parties request that before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

### Plaintiffs' Waiver of Right to be Excluded and Object.

106.    By signing this Stipulation, Plaintiffs agree to be bound by the terms herein and further agree not to request to be excluded from the Settlement Class and agree not to object to any of the terms of this Stipulation.  Any such request for exclusion or objection shall therefore be void and of no force or effect.


Dated: _____          _____
                                      Ronnie Williams


Dated: _____          _____
                                      Bartley Porter

Dated: _____June 10, 2008_____         _____
                                      Lisa Fox


Dated: _____          _____
                                      Paul LeClair


                                      WYNDHAM RESORTS
                                      DEVELOPMENT CORPORATION, INC.


Dated: _____          By_____

                                          Barbara Ann Sellinger
                                          Group Vice President
                                          Enterprise Labor and Employment
                                          Law


33

and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

**Invalidity of Any Provision.**

105.    The Parties request that before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

**Plaintiffs' Waiver of Right to be Excluded and Object.**

106.    By signing this Stipulation, Plaintiffs agree to be bound by the terms herein and further agree not to request to be excluded from the Settlement Class and agree not to object to any of the terms of this Stipulation. Any such request for exclusion or objection shall therefore be void and of no force or effect.

Dated: ___6/12/08___

Ronnie Williams

Dated: _____

_____
Bartley Porter

Dated: _____

_____
Lisa Fox

Dated: _____

_____
Paul LeClair

WYNDHAM RESORTS
DEVELOPMENT CORPORATION, INC.

Dated: _____

By_____

Barbara Ann Sellinger
Group Vice President
Enterprise Labor and Employment
Law

33

and enforcing the settlement embodied in this Stipulation and all orders and judgments entered in connection therewith.

**Invalidity of Any Provision.**

105.    The Parties request that before declaring any provision of this Stipulation invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

**Plaintiffs' Waiver of Right to be Excluded and Object.**

106.    By signing this Stipulation, Plaintiffs agree to be bound by the terms herein and further agree not to request to be excluded from the Settlement Class and agree not to object to any of the terms of this Stipulation.  Any such request for exclusion or objection shall therefore be void and of no force or effect.


Dated: _____          _____
                                    Ronnie Williams

Dated: _____          _____
                                    Bartley Porter

Dated: _____          _____
                                    Lisa Fox

Dated: _____          _____
                                    Paul LeClair

                                    WYNDHAM RESORTS
                                    DEVELOPMENT CORPORATION, INC.

Dated: _5/27/08_____                By_____

                                       Barbara Ann Sellinger
                                       Group Vice President
                                       Enterprise Labor and Employment
                                       Law

33

Approved as to Form:

Dated: 6/17/08

LEON GREENBERG
PROFESSIONAL CORPORATION

Leon Greenberg
Counsel for Plaintiffs

Dated: 5-30-08

ORRICK, HERRINGTON &
SUTCLIFFE LLP

Joseph C. Liburt
WYNDHAM RESORTS
DEVELOPMENT CORPORATION, INC.

34

EXHIBIT "1"

EXHIBIT "1"

**CLAIM FORM**

**WILLIAMS ET AL. V. TRENDWEST RESORTS, INC.**

Claim #: _____

Name/Address Changes (please enter only if applicable):

«First1» «Last1»

«CO»

«Addr2»

«Addr1»

«City», «St» «Zip»   «Country»

_____

_____

_____

_____

_____

**To participate in this Settlement, this Claim Form must be completed and postmarked no later than _____.**

## GENERAL INFORMATION

If you were employed by Wyndham Resorts Development Corporation, Inc., formerly known as Trendwest Resorts, Inc. ("Wyndham") in California from August 25, 2001 to December 31, 2007 or in Nevada from April 19, 2001 to December 31, 2007, and were engaged in work selling timeshare interests and were paid in full or in part based on commissions, including as a Developer Representative, Assistant Developer Representative, Director of Sales and Marketing, Explorer Representative, Leads Processor, Owner Referral Representative, Sales Assistant Manager, Sales Manager, Sales Project Director, Sales Representative, Upgrades Representative, Upgrades Supervisor, Verification Loan Officer, or a substantially similar title, you are a Class Member and may be eligible to receive a monetary award from the Settlement of this Action. **In order to receive money from the Settlement, you must sign this Claim Form and return it by first-class mail, postmarked no later than [DATE] to the following address:**

**Trendwest Wage and Hour Settlement**
**c/o Rosenthal & Company**
**P.O. Box XXXX**
**Novato, CA 949XX-XXXX**
**1-800-XXX-XXXX**

A return envelope is provided.  If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money in connection with the Settlement (although you will be bound by the other provisions of the Settlement approved by the Court).  A Claim Form will be deemed submitted when sent by first class mail and postmarked.

## CLAIM INFORMATION

According to Wyndham's records, you were a class member for ___ months.  Based on the number of months you were employed as a Class Member and your Subclass Member status, your Monthly Employment Credits are ____.  If you believe this information is inaccurate, please indicate the number of months you believe you were a class member (otherwise, please leave this space blank): _____ months.  If you claim that you were employed for more months in a covered job title than are indicated by Wyndham's records  please attach to this Claim Form any records in your possession that you believe support your claim that you were employed by Wyndham for additional months in a covered job title  (such as pay stubs, employment records, etc.).  Based upon the anticipated minimum value of each Monthly Employment Credit, it is estimated that the approximate minimum value of your claim is $ [insert dollar figure].

## DECLARATION OF CLASS MEMBER

In exchange for a Settlement Payment under the Settlement Agreement, I, on behalf of myself and on behalf of all who claim by or through me or in my stead, hereby release Wyndham, its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys (the "Released Parties"), from the "Released Claims."  For purposes of this Settlement, the "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest or other monies arising out of, relating to, or in connection with any facts, transactions, events,

CLAIM FORM

policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties (as defined below) failed to pay or charged back any commission wages to which Class Members were entitled, failed to reimburse business expenses, improperly classified Class Members as exempt, failed to provide all overtime wages due, failed to pay minimum wage, failed to provide timely or accurate paychecks, failed to provide meal or rest periods, failed to keep records properly concerning time worked, failed to properly pay any wages, and/or engaged in unfair business practices, at any times on or before Final Approval, provided that only those persons who have filed a consent to join this Action shall be deemed to release any claims they possess arising under 29 U.S.C. 201 et. seq., the Fair Labor Standards Act.   I have not assigned, pledged or otherwise transferred to any other person or entity my interest in any of the released claims.

If I was employed in California, I agree that I have expressly waived the provisions, of Section 1542 of the California Civil Code (or other similar provision) regarding wage and hour overtime claims, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Thus, subject to and in accordance with the provisions of this Agreement, even if I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the subject matter of the Released Claims, I shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims.  This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  I agree that I will not make a claim against any of the Released Parties that is in any way related to the Released Claims.

I have received the Notice of Class Action Settlement.  I submit this Claim Form under the terms of the proposed settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court, District of Nevada with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement on file with the Court and the Notice.  The full and precise terms of the proposed settlement are contained in the Settlement Agreement filed with the Court.  I further acknowledge that I am bound by the terms of any Judgment that may be entered in this class action.  I agree to furnish additional information to support this claim if required to do so.

If I am the executor and/or heir of a Class Member or a representative of a Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare under penalty of perjury that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form, and agree to abide by the terms of the Notice and this Claim Form.

**Please complete the Taxpayer Identification Number Certification - IRS Substitute Form W-9 below, sign the Claim Form, and mail it to the Claim Administrator at the address provided below.**

---

### Taxpayer Identification Number Certification - Substitute IRS Form W-9

Enter your Social Security Number:  ☐ ☐ ☐ -- ☐ ☐ -- ☐ ☐ ☐ ☐

Under penalties of perjury, I certify that:

1.   The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**

2.   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.   I am a U.S. person (including a U.S. resident alien).

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

- 2 -
CLAIM FORM

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

Dated: _____          _____

                                                             (Signature)

OHS West:260366212.2

EXHIBIT "2"

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRENDWEST RESORTS CONSOLIDATED MATTERS:<br><br>Williams, et al. v. Trendwest Resorts, Inc., et al.<br><br>Porter, et al. v. Trendwest Resorts, Inc., et al. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.:  CV-S-05-0605-RCJ (LRL)<br><br>**CLASS ACTION**<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |

TO:    All employees employed by Wyndham Resorts Development Corporation, Inc., formerly known as Trendwest Resorts, Inc. ("Wyndham") in California from August 25, 2001 to December 31, 2007 or in Nevada from April 19, 2001 to December 31, 2007, who were engaged in work selling timeshare interests and who were paid in full or in part based on commissions, including all employees holding job titles of Developer Representative, Assistant Developer Representative, Director of Sales and Marketing, Explorer Rep, Leads Processor, Owner Referral Representative, Sales Assistant Manager, Sales Manager, Sales Project Director, Sales Representative, Upgrades Representative, Upgrades Supervisor, Verification Loan Officer, or substantially similar titles ("Class Members"):

**THIS NOTICE AFFECTS YOUR RIGHTS.**
**PLEASE READ IT CAREFULLY.**
_____

1.    YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action ("Action") pending in the United States District Court, District of Nevada (the "Court") has been reached by the Parties and has been granted preliminary approval by the Court supervising the Action.  The purpose of this Notice is to describe the Action, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement.  The proposed Settlement will resolve all claims in this Action.  A Final Approval Hearing will be held on _____ _____, 2008, to determine whether the Action should be granted final approval.  Because your rights may be affected, it is extremely important that you read this Notice carefully.  You must file a claim which is postmarked by _____, 2008 to participate in the Settlement.  **Unless you choose to opt out of the Settlement, you will be bound by the Settlement, if it is approved, and by any order entered by the Court.**

**SUMMARY OF THE ACTION**

2.        The Action was originally filed as two separate actions.  Plaintiff Ronnie Williams filed suit on April 19, 2005 in Clark County, Nevada alleging claims for (1) unpaid overtime and minimum wages under the Fair Labor Standards Act; (2) overtime and minimum wage pay and unpaid rest claims under Nevada law (NRS 608.016, NRS 608.100, NRS 608.250, NRS 608.018, and NRS 608.019); and (3) waiting time penalties under Nevada law (NRS 608.040).  The Williams action was subsequently removed to the United States District Court, District of Nevada.  Another action was originally filed in the Superior Court of California, San Francisco County, but was subsequently moved to the United States District Court, District of Nevada and consolidated with the Williams action.  This action, filed by Plaintiffs Bartley Porter, Paul LeClair and Lisa Fox, alleged claims for (1) restitution of overtime pay under California law (Business and Professions

Code section 17200); (2) restitution of chargebacks under California law (Labor Code sections 221, 225, 204, 300, and 400-410); (3) unjust enrichment from unconscionable chargebacks under California law (Civil Code section 1670.5 and Business and Professions Code section 17200); (4) failure to reimburse business expenses under California law (Labor Code sections 2802, 400-410); and (5) waiting time penalties under California law (Labor Code section 203). On December 7, 2006, the Court granted conditional certification of the alleged FLSA claims as to Nevada and California plaintiffs only, and authorized that notice be sent to such potential plaintiffs providing them the opportunity to opt into the Action. On August 20, 2007, the Court granted in part and denied in part Wyndham's motions for summary judgment and judgment on the pleadings. After extensive discovery and an exchange of relevant information, and over two years of hard fought litigation, the Parties agreed to enter into private mediation before the Mediator, to try and resolve Plaintiffs' claims. A mediation was held on December 11, 2007, and the Plaintiffs and Defendant thereafter reached the Settlement that is memorialized in the Settlement Agreement that is on file with the Court, and whose terms are generally summarized in this Notice.

3.　　You have received this Notice because Wyndham's records show you were employed as a Class Member and your rights may be affected by this Settlement.

## POSITIONS OF THE PARTIES

4.　　Wyndham has denied and continues to deny each of the claims in the Action. Wyndham contends that all of its employees have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to pay any wages (including but not limited to overtime, minimum wage, commission wages, or otherwise), the classification of employees as exempt, and/or with respect to any of its compensation practices. Wyndham has repeatedly asserted and continues to assert defenses to the claims in the Action, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action. Neither the proposed Settlement nor any action taken to carry out the proposed Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Wyndham of any fault, wrongdoing or liability whatsoever.

5.　　Counsel for the Plaintiff ("Plaintiffs' Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto. Plaintiffs' Counsel recognizes the expense and length of continued proceedings necessary to continue the Action against Wyndham through trial and through any possible appeals. Plaintiffs' Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, including the risk that the class might not be certified in light of Wyndham's opposition to certification as well as the difficulties and delays generally inherent in such litigation.

6.　　Plaintiffs' Counsel is also aware of the burdens of proof necessary to establish liability for the claims, of Wyndham's defenses thereto, and of the difficulties in establishing damages for the Class Members. Plaintiffs' Counsel has also taken into account the extensive settlement negotiations conducted by the Parties. Based on the foregoing, Plaintiffs' Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

7.　　Wyndham has also extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto. Although Wyndham believes it has meritorious defenses to the Action, Wyndham has concluded that the further defense of this Action would be lengthy and expensive for all Parties. Wyndham has, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Action.

8.　　The Court has made no ruling on the merits of Class Members' claims and has determined only that certification of the Class for Settlement purposes is appropriate under federal law.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

9.      On _____, 2008, the Court appointed the following attorneys as Plaintiffs' Counsel to represent the Class in this Action:

Leon Greenberg
Leon Greenberg Professional Corporation
633 South 4th Street, Suite 4
Las Vegas, NV 89101

Mark R. Thierman
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

10.      On _____ 2008 for purposes of the Settlement, Judge Robert Jones of the United States District Court, District of Nevada, certified a Class consisting of employees employed by Wyndham in California from August 25, 2001 to December 31, 2007 or in Nevada from April 19, 2001 to December 31, 2007, who were engaged in work selling timeshare interests and who were paid in full or in part based on commissions, including all employees holding job titles of Developer Representative, Assistant Developer Representative, Director of Sales and Marketing, Explorer Rep, Leads Processor, Owner Referral Representative, Sales Assistant Manager, Sales Manager, Sales Project Director, Sales Representative, Upgrades Representative, Upgrades Supervisor, Verification Loan Officer, or substantially similar titles (the "Class").

11.      If you are a member of the Class, you will be bound by the proposed Settlement described below if it is approved, unless you are eligible to and do make a written request for exclusion in the manner described below.

## SUMMARY OF SETTLEMENT TERMS

12.      The following is a summary of the provisions of the proposed Settlement between the Plaintiff, the Class, and Wyndham.  The specific and complete terms of the proposed Settlement are described in the Stipulation and Settlement Agreement of Claims ("Settlement Agreement"), a copy of which is available for your review as set forth at the end of this Notice.

13.      The Court will hold a Final Approval Hearing on the Settlement Agreement in Courtroom ___ of the United States District Court, District of Nevada, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada, at [*time*] on _____, 2008, at which time the Court will determine whether to grant final approval to the Settlement.  You do not need to attend that hearing to participate in the proposed settlement.

14.      Settlement Amount.  The Agreement provides that Wyndham will pay $1,000,000.00 (the "Settlement Fund") to fully resolve the issues in the Action.  After the following Court-approved deductions, the remaining amount will be distributed to Class Members who do not opt-out and who timely file claims ("Authorized Claimants") pursuant to the Court-approved plan of allocation, which is based on the Class Member's months worked in the Class during the Class Period.

(a)      Deductions.  The following deductions will be made from the Settlement Fund:

(i)      Attorneys' Fees and Expense Award.  The Court has appointed Leon Greenberg of Leon Greenberg Professional Corporation, Mark Thierman of the Thierman Law Firm, and Tim Hoffman of Hoffman & Lazear as Plaintiffs' Counsel.  As part of the Settlement approval process, Plaintiffs' Counsel will seek approval of an award of attorneys' fees of $300,000.00 and actual expenses of up to

$50,000.00 (the "Fees and Expense Award").  Plaintiffs' Counsel shall not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees and Expense Award shall be utilized for all claims for attorneys' fees and costs, past, present and future incurred in the Action.  As part of the Settlement, you will not be required to pay Plaintiffs' Counsel for their representation of you in the Action.

(ii)      Named Plaintiff Awards.  Plaintiffs' Counsel will also seek a Named Plaintiff Award of $5,000 each to Named Plaintiffs Ronnie Williams, Bartley Porter, Lisa Fox, and Paul LeClair, in recognition of their efforts in obtaining the benefits of the Settlement for the Class and in exchange for a full release of claims against Wyndham.  These Named Plaintiff Awards will be in addition to whatever payment they may otherwise be entitled to as Authorized Claimants.  If approved by the Court, this amount will be paid from the Settlement Fund.

(iii)      Claims Administration. The Court has tentatively approved payment to the Claims Administrator, Rosenthal and Company, to notify the class and process claims.  The payment is not expected to exceed $100,000.

(iv)      Tax Expenses.  Wyndham's share of any tax expenses, such as FICA or other tax obligations shall be subtracted from the gross Settlement Award to each Authorized Claimant

(b)      Payment to Class Members: Plan of Allocation.  The approximate expected minimum of $530,000.00 remaining (the "Settlement Fund for Distribution") after these deductions will be available for distribution to Authorized Claimants.  Authorized Claimants will receive a proportionate share of at least 95% of the Settlement Fund for Distribution based on the Authorized Claimant's total "Monthly Employment Credits", meaning calendar months or partial calendar months of employment during the Class Period increased by 100% for those Class Members who worked for Wyndham in Nevada and had previously filed a consent to join this Action, increased by 25% for those Class Members who worked for Wyndham in California but did not file a consent to join this Action, and increased by 125% for those Class Members who worked for Wyndham in California and previously filed a consent to join this Action.   This information will be determined from Wyndham's records.  Approximations and averages will be used to cover periods where data is missing or otherwise not available.  The approximate minimum value of each Monthly Employment Credit in the event 100% of the Class Members were Authorized Claimants and all payments were made from the remaining Settlement Fund as provided and anticipated in this Agreement is $11.31; the approximate value of each Monthly Employment Credit in the event Class Members holding 50% of all Monthly Employment Credits were Authorized Claimants and all payments were made from the Settlement Fund as provided in this Agreement is $ 22.62; and the approximate value of each Monthly Employment Credit in the event Class Members holding 10% of all Monthly Employment Credits were Authorized Claimants and all payments were made from the Settlement Fund as provided in this Agreement is $113.10.

In the event that you disagree with the total Monthly Employment Credits you have been awarded based upon Wyndham's records, you may both make a claim and seek to have the amount of your Monthly Employment Credits increased as indicated on the enclosed Claim Form.  The total increases to Class Members' Monthly Employment Credits will be limited to the reserve amount of $26,750 of the Settlement Fund established for this purpose.  The Parties believe the reserve amount will be sufficient to make all such increased payments, but in the event it is not, those Class Members who have successfully increased the number of Monthly Employment Credits to which they are entitled under this Settlement shall share that total reserve pro rata.

(c)      Tax Matters.  Under the Settlement, 50% of each Settlement Award shall be deemed wages from which ordinary deductions for state and federal withholding taxes shall be made.  Additionally, 25% of each Settlement Award shall be deemed penalties, and 25% shall be deemed interest for which no deductions shall be made.  Amounts allocated as wages shall be reported on IRS Form W-2 or 1099, and amounts allocated as penalties and interest shall be reported on IRS Form 1099.  Authorized Claimants should consult with their tax advisors concerning any tax consequences of the payments that they receive under the Settlement.

(d)      Conditions of the Settlement.  This Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Settlement as fair, reasonable, adequate

and in the best interests of the Settlement Class, and entering Judgment in accordance with the Settlement Agreement.

## RELEASE OF CLAIMS

15.     All Class Members who have not validly requested exclusion from the Settlement, will be bound by the terms of the proposed Settlement if it is approved and if the Order of Final Approval dismissing the Action is entered and Judgment becomes final.   If the proposed Settlement is approved, all Class Members will have released Wyndham, its past or present officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys (the "Released Parties") from all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties failed to pay or charged back any commission wages to which Class Members were entitled, failed to reimburse business expenses, improperly classified Class Members as exempt, failed to provide all overtime wages due, failed to pay minimum wages, failed to provide timely or accurate paychecks, pay stubs or itemized wage statements, failed to provide meal or rest periods, failed to keep records properly concerning time worked, failed to properly pay any wages, and/or engaged in unfair business practices, at any times on or before Final Approval (the "Released Claims"), provided that only those who have filed a consent to join this Action shall be deemed to release any claims that they possess arising under 29 U.S.C. 201 et. seq., the Fair Labor Standards Act.   The Settlement Class Members will be permanently barred from suing or otherwise making a claim against any of the Released Parties that is in any way related to the Released Claims.

Plaintiffs and all Settlement Class Members stipulate and agree that, upon the Effective Date, they shall be deemed to have, and by operation of the Settlement Order and Judgment shall have, expressly waived and relinquished the Released Claims and any and all actions, suits, claims, demands, rights, liabilities or causes of action that the Settlement Class Members do not know of or suspect to exist in their favor, which, if known by them, might have affected their agreement to the Settlement.   Even if the Plaintiffs and/or the Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, each Plaintiff and Settlement Class Member, upon the Effective Date, shall be deemed to have and by operation of the Settlement Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims and unknown claims.   This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or noncontingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

The Settlement Class Members who were employed in California, including the Named Plaintiffs, stipulate and agree that they shall be deemed to have, and by operation of the Settlement Order shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code to the extent it is applicable (or any other similar provision under federal, state or local law to the extent any such provision is applicable) which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with the Released Claims. The Settlement Awards and the Named Plaintiff Awards shall be paid to Settlement Class Members specifically in exchange for the release of the Released Parties from the Released Claims and for the covenant not to sue concerning the Released Claims.

### PROCEDURE FOR MONETARY RECOVERY

16.     If you want to participate in the Settlement and receive money under the Settlement, you must sign and date the enclosed Claim Form and mail the completed Claim Form by postage pre-paid U.S. first class mail postmarked by no later than _____, 2008, [45 days after mailing] to the Settlement Administrator at the following address:

**Trendwest Settlement**
c/o Rosenthal and Company
[insert address]
Telephone: 1-800-_____
Fax: _____

A copy of your Claim Form is attached.  (If you need an extra copy, contact the Settlement Administrator).  If any information provided on the Claim Form is incorrect, please make corrections.  For example, if your address is incorrect, please indicate your correct address.  Also, please provide your telephone number and any other indicated information referred to on your Claim Form if it is not provided.  If you wish to have confirmation that the Settlement Administrator has received your Claim Form, you may do so by sending it by certified U.S. Mail with a return-receipt request.  The Claim Form lists the total number of months that you worked as a Class Member during the Class Period.  If you believe the number of months listed on the Claim Form is incorrect, you may send a letter to the Settlement Administrator along with your Claim Form indicating what you believe is the correct number of months.  You may send any documents or other information that support your belief.  The Settlement Administrator will resolve any dispute regarding the number of months you worked in the Class based on Wyndham's records and any information that you provide.

17.     If you are a Class Member and you do not choose to exclude yourself from the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from separately suing the Released Parties for the Released Claims settled in this case (see paragraph  15 above).

18.     **ANY CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT FUND.  IF YOU DO NOTHING – THAT IS, IF YOU DO NOT MAIL OR DELIVER A TIMELY CLAIM FORM, YOU WILL NOT BE ENTITLED TO A SHARE OF SETTLEMENT AMOUNT.  HOWEVER, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU DID NOT RECEIVE ANY MONEY, UNLESS YOU EXCLUDE YOURSELF IN WRITING FROM THE SETTLEMENT AS PROVIDED IN PARAGRAPH 19.**

### PROCEDURE FOR EXCLUSION

19.     Class Members may exclude themselves from (or "opt-out" of) the Settlement by mailing to the Settlement Administrator at the address listed in paragraph 16, on or before _____, 2008, [45 days after mailing] a written statement expressing their desire to be excluded from the Settlement.  If you wish to opt-out of the Settlement in this Action, your written statement must include your name (and former names, if any), current address, telephone number and social security number and the dates of your employment with Wyndham as a Class Member.  In addition, it must be postmarked on or before _____, 2008, [45 days after mailing].  Requests to opt-out that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective.  Persons who are eligible to and do submit valid and timely requests to opt-out of the Settlement will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Order of Final Approval and Judgment in this action.

**OBJECTIONS TO THE PROPOSED SETTLEMENT/FINAL SETTLEMENT HEARING**

20.      A Final Approval Hearing will be held before the Honorable Robert Jones in Courtroom ____ of the United States District Court, District of Nevada, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada, at [*time*] on _____, 2008, to determine whether the proposed Settlement is fair, adequate and reasonable and whether it should be approved by the Court and whether the Action should be dismissed on the merits with prejudice.  The hearing may be adjourned, continued and/or rescheduled by the Court from time to time as the Court may direct without further notice .

21.      Any Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the parties and the Settlement Administrator a written statement objecting to the Settlement.  Such written statement must be filed with the Court and served on counsel for the parties no later than thirty (30) days after the date this Notice is first mailed.  No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, shall have been timely filed with the Court and served on counsel for the parties and the Settlement Administrator.   Any written objections and briefs must be served on counsel for the parties and the Settlement Administrator at the following addresses:

| Settlement Administrator | Plaintiffs' Counsel | Wyndham's Counsel |
|---|---|---|
| Trendwest Settlement c/o Rosenthal and Company [insert address] | Leon Greenberg Leon Greenberg Professional Corporation 633 South 4th Street, Suite 4 Las Vegas, NV 89101 | Jessica Perry Orrick, Herrington & Sutcliffe, LLP 1020 Marsh Road Menlo Park, CA  94025 |

22.      Any Class Member who does not file with the Court and serve on counsel his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

23.      Any Class Member who is satisfied with the proposed Settlement need not appear at the Final Approval Hearing.

**CHANGE OF ADDRESS**

24.      If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Action and the Settlement to be sent to a different address, you should supply your current preferred address to the Settlement Administrator and to Plaintiffs' Counsel at the addresses listed in paragraph 21.

**EXAMINATION OF THE PAPERS AND ADDITIONAL INQUIRIES**

25.      The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, District of Nevada, located in Las Vegas, Nevada, during regular business hours of each Court day.

26.      All inquiries by Class Members regarding this Notice and/or the Settlement that involve requests for information on whether a claim has been received or accepted, requests for additional copies of claim documents or information on when claims will be paid or the amount of your individual claim should be directed to the Settlement Administrator at [insert contact information]   PLEASE DO NOT MAKE ANY INQUIRIES TO THE SETTLEMENT ADMINISTRATOR ABOUT THE AMOUNT OF YOUR INDIVIDUAL

CLAIM OR IF YOUR CLAIM PAYMENT HAS BEEN SENT TO YOU UNTIL AFTER [INSERT DATE 10 DAYS AFTER DATE ADMINISTRATOR IS TO MAIL CHECKS] AS THAT INFORMATION MAY NOT BE AVAILABLE BEFORE THAT DATE.  Inquiries involving legal questions about this Notice and/or legal questions about the Settlement or your legal rights should be directed to Plaintiffs' Counsel, Leon Greenberg, Leon Greenberg Professional Corporation,  633 South 4th Street, Suite 4, Las Vegas, NV 89101, (702) 383-6085, email: attorney@trendwestlawsuit.com (email communications are preferred).

27.     You may also retain your own attorney at your own expense.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, WYNDHAM OR WYNDHAM'S COUNSEL WITH INQUIRIES.**


Dated: _____, 2008          _____
                                                         United States District Judge

EXHIBIT "3"

1   MARK R. THIERMAN (STATE BAR NO. 8285)
    THIERMAN LAW FIRM
2   7287 Lakeside Drive
    Reno, NV  89511
3   Telephone:     775-284-1500

4   LEON GREENBERG (STATE BAR NO. 8094)
    LEON GREENBERG PROFESSIONAL CORPORATION
5   633 South 4th Street, Suite 9
    Las Vegas, NV  89101
6   Telephone:     702-383-6085
    Facsimile:     702-385-1827

7   **Attorneys for Plaintiffs**

8   RICK D. ROSKELLEY (STATE BAR NO. 3192)
    LITTLER MENDELSON
9   3960 Howard Hughes Pkwy, Suite 300
    Las Vegas, NV  89109
10  Telephone:     702-862-8800
    Facsimile:     702-862-8811
11

12  LYNNE C. HERMLE (Admitted *Pro Hac Vice*)
    JOSEPH C. LIBURT (Admitted *Pro Hac Vice*)
13  JESSICA R. PERRY (Admitted *Pro Hac Vice*)
    CHRISTIAN N. BROWN (Admitted *Pro Hac Vice*)
14  KATINA B. MINER (Admitted *Pro Hac Vice*)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
15  1000 Marsh Road
    Menlo Park, CA  94025
16  Telephone:     650-614-7400
    Facsimile:     650-614-7401

17  **Attorneys for Defendant**

18

19                    UNITED STATES DISTRICT COURT

20                    DISTRICT COURT OF NEVADA

21  TRENDWEST RESORTS CONSOLIDATED          Case No. Case No.:  CV-S-05-0605-
    MATTERS:                                 RCJ (LRL)
22
    Williams, et al. v. Trendwest Resorts, Inc., et al.
23
                                            [PROPOSED] ORDER GRANTING
    Porter, et al. v. Trendwest Resorts, Inc., et al.    PRELIMINARY APPROVAL OF
24                                          CLASS ACTION SETTLEMENT

25                                          Date:
                                            Time:
26                                          Ctrm:

27

28

- 1 -        **ORDER GRANTING PRELIMINARY APPROVAL
                                                         OF CLASS ACTION SETTLEMENT**
                                                         CASE NO.:  CV-S-05-0605-RCJ (LRL)

1       The Court has before it Plaintiffs' unopposed motion for preliminary approval of a

2  proposed class action settlement ("Settlement").  After reviewing the Motion for Preliminary

3  Approval and the Stipulation and Settlement Agreement filed with the Court, the Court hereby

4  finds and orders as follows:

5       1.    The Court finds on a preliminary basis that the Settlement memorialized in the

6  Stipulation and Settlement Agreement ("Stipulation") appears to be fair, adequate and reasonable,

7  falls within the range of reasonableness, and therefore meets the requirements for preliminary

8  approval.

9       2.    The Court conditionally certifies for settlement purposes only the following class

10  ("Class"):

11            All employees employed by Wyndham Resorts Development Corporation, Inc.,

12            formerly known as Trendwest Resorts, Inc. ("Wyndham") in California from

13            August 25, 2001 to December 31, 2007 or in Nevada from April 19, 2001 to

14            December 31, 2007, who were engaged in work selling timeshare interests and

15            who were paid in full or in part based on commissions, including all employees

16            holding job titles of Developer Representative, Assistant Developer

17            Representative, Director of Sales and Marketing, Explorer Rep, Leads Processor,

18            Owner Referral Representative, Sales Assistant Manager, Sales Manager, Sales

19            Project Director, Sales Representative, Upgrades Representative, Upgrades

20            Supervisor, Verification Loan Officer, or substantially similar titles.

21       3.    The Court finds, for purposes of underline settlement only, that the Class meets the

22  requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that:  (1) the Class is so

23  numerous that joinder is impracticable; there are questions of law and fact that are common to all

24  Settlement Class Members, which questions predominate over individual issues; (2) Plaintiffs'

25  claims are typical of the claims of the Class; (3) the Named Plaintiffs and Plaintiffs' counsel will

26  fairly and adequately protect the interests of the Class; and (4) a class action is superior to other

27  available methods for the fair and efficient adjudication of the controversy.

28       4.    The Court appoints for settlement purposes only, Named Plaintiffs Ronnie

1    Williams, Bartley Porter, Lisa Fox, and Paul LeClair as class representatives for the Class.

2         5.      The Court appoints for settlement purposes only, Mark Thierman of the Thierman

3    Law Firm and Leon Greenberg of Leon Greenberg Professional Corporation as counsel for the

4    Class.

5         6.      The Court appoints Rosenthal & Company as the Settlement Administrator.

6         7.      The parties are ordered to carry out the settlement according to the terms of the

7    Stipulation.

8         8.      The Court orders the following schedule of dates for further proceedings:

9              a.   Deadline for serving and filing Motion for Final Approval:

10             b.   Final Approval Hearing:

11        9.      The Court approves, as to the form and content, the Notice of Class Action

12   Settlement ("Notice"), attached hereto as Exhibit A, which informs the members of the Class of

13   the terms of the proposed Settlement, the preliminary approval of the Settlement, and the

14   scheduling of the Final Approval Hearing, and the Claim Form attached hereto as Exhibit B.  The

15   Court finds that the dates selected for the mailing and distribution of the Notice and Claim Form

16   meet the requirements of due process and provide the best notice practicable under the

17   circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

18        IT IS SO ORDERED.

19

20   Dated:                                    _____

21                                             Robert C. Jones
                                               UNITED STATES DISTRICT COURT JUDGE

22

23

24

25

26

27

28

EXHIBIT "4"

MARK R. THIERMAN (STATE BAR NO. 8285)
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV  89511
Telephone:     775-284-1500

LEON GREENBERG (STATE BAR NO. 8094)
LEON GREENBERG PROFESSIONAL CORPORATION
633 South 4th Street, Suite 9
Las Vegas, NV  89101
Telephone:     702-383-6085
Facsimile:     702-385-1827

**Attorneys for Plaintiffs**

RICK D. ROSKELLEY (STATE BAR NO. 3192)
LITTLER MENDELSON
3960 Howard Hughes Pkwy, Suite 300
Las Vegas, NV  89109
Telephone:     702-862-8800
Facsimile:     702-862-8811

LYNNE C. HERMLE (Admitted *Pro Hac Vice*)
JOSEPH C. LIBURT (Admitted *Pro Hac Vice*)
JESSICA R. PERRY (Admitted *Pro Hac Vice*)
CHRISTIAN N. BROWN (Admitted *Pro Hac Vice*)
KATINA B. MINER (Admitted *Pro Hac Vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:     650-614-7400
Facsimile:     650-614-7401

**Attorneys for Defendant**

UNITED STATES DISTRICT COURT

DISTRICT COURT OF NEVADA

| | |
|---|---|
| TRENDWEST RESORTS CONSOLIDATED MATTERS: | Case No.  CV-S-05-0605-RCJ (LRL) |
| Williams, et al. v. Trendwest Resorts, Inc., et al. | **JUDGMENT** |
| Porter, et al. v. Trendwest Resorts, Inc., et al. | Date:<br>Time:<br>Ctrm: |

1         The Motion for Final Approval of Class Action Settlement and the Motion for Attorney's

2    Fees, Litigation Costs, Named Plaintiff Awards, and Costs of Administration came on for hearing

3    on _____ in the above-captioned Court, the Honorable Robert C. Jones presiding.  The

4    Court having previously granted preliminary approval of the settlement on _____,

5    the parties having fully briefed the issues regarding final approval and attorney's fees, the cause

6    having been heard, and the Court having granted final approval of the settlement, attorney's fees,

7    litigation costs, named plaintiff awards, and costs of administration,

8    IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

9         Judgment is entered on the terms set forth in the Order Granting Final Approval of Class

10   Action Settlement, and the Order Granting Attorney's Fees, Litigation Costs, and Costs of

11   Administration.

12

13   Dated:                            _____

14                                   Robert C. Jones
                                     UNITED STATES DISTRICT COURT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "5"

1   MARK R. THIERMAN (STATE BAR NO. 8285)
    THIERMAN LAW FIRM
2   7287 Lakeside Drive
    Reno, NV  89511
3   Telephone:     775-284-1500

4   LEON GREENBERG (STATE BAR NO. 8094)
    LEON GREENBERG PROFESSIONAL CORPORATION
5   633 South 4th Street, Suite 9
    Las Vegas, NV  89101
6   Telephone:     702-383-6085
    Facsimile:     702-385-1827

7   **Attorneys for Plaintiffs**

8   RICK D. ROSKELLEY (STATE BAR NO. 3192)
    LITTLER MENDELSON
9   3960 Howard Hughes Pkwy, Suite 300
    Las Vegas, NV  89109
10  Telephone:     702-862-8800
    Facsimile:     702-862-8811
11

12  LYNNE C. HERMLE (Admitted *Pro Hac Vice*)
    JOSEPH C. LIBURT (Admitted *Pro Hac Vice*)
13  JESSICA R. PERRY (Admitted *Pro Hac Vice*)
    CHRISTIAN N. BROWN (Admitted *Pro Hac Vice*)
14  KATINA B. MINER (Admitted *Pro Hac Vice*)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
15  1000 Marsh Road
    Menlo Park, CA  94025
16  Telephone:     650-614-7400
    Facsimile:     650-614-7401

17  **Attorneys for Defendant**

18
                    UNITED STATES DISTRICT COURT
19
                    DISTRICT COURT OF NEVADA
20

21  TRENDWEST RESORTS CONSOLIDATED          Case No.  CV-S-05-0605-RCJ (LRL)
    MATTERS:
22
    Williams, et al. v. Trendwest Resorts, Inc., et al.   **[PROPOSED] ORDER GRANTING**
23                                                          **FINAL APPROVAL OF CLASS**
    Porter, et al. v. Trendwest Resorts, Inc., et al.      **ACTION SETTLEMENT**
24
                                                           Date:
25                                                         Time:
                                                           Ctrm:
26

27

28

On _____, the Court heard the Plaintiffs' unopposed motion for final approval of the class action settlement, as set forth in the Stipulation and Settlement Agreement ("Stipulation"), in the above-captioned action.  The Court finds and orders as follows:

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, previously filed with this Court.

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation.

3. The Court finds that the distribution of the Notice of Class Action Settlement, which was carried out pursuant to the Stipulation, constituted the best notice practicable under the circumstances and fully met the requirements of due process.

4. The Court finds that __ Class Members have objected to the Settlement. ___ Class Members have requested exclusion from the Settlement.  Nearly ___% of the Class have filed timely and valid claims.  These _____ individuals have claimed, and will be paid, approximately $_____ from the Settlement Fund.

5. The Court finds that the Stipulation was the product of protracted, arm's length negotiations between experienced counsel, facilitated by a respected mediator.  After considering Defendant's potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Plaintiffs' Counsel, and the reaction of the Class to the Settlement, as well as other relevant factors, the Court finds that the settlement, as set forth in the Stipulation, is fair, reasonable, and in the best interests of the Class, and hereby grants final approval of the settlement.  The parties are ordered to carry out the settlement as provided in the Stipulation.

6. Plaintiffs' Counsel have reported that a number of Class Members have filed late or deficient claims, and that the parties are in the process of conferring about those claims.  The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

1    IT IS SO ORDERED.

2    Dated:                          _____

3                                    Robert C. Jones
                                     UNITED STATES DISTRICT COURT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28